## LAWRENCE v. CONTINENTAL FIRE & CASUALTY INS. CORPORATION.
### No. 13803.

Court of Civil Appeals of Texas. Dallas.

June 6, 1947.

Rehearing Denied July 11, 1947.

———◆———

Locke, Locke & Purnell, of Dallas, for appellant.

J. Hart Willis, of Dallas, for appellee.

YOUNG, Justice.

This is a venue case, appellant having appealed from an order overruling his assertion of privilege to be sued in Bexar County, the place of his residence.

In November 1945, appellee Company had appointed Lawrence as its agent, his territory covering San Antonio, Texas, and vicinity; also Army and Navy reservations wherever automobile insurance may be written; and the main suit was by the Company to recover certain premiums received by defendant as agent and allegedly payable "at the Home Office of the Company at Dallas, Texas" in accordance with terms of the agency contract. Plea of privilege to be sued in Bexar County was duly filed, followed by controverting affidavit, pleading that venue had been properly laid in Dallas, Texas, perforce of subd. 5, Art. 1995, Vernon's Ann.Civ.St.; basis of suit being a contract in writing entered into between plaintiff and defendant to pay all premiums in Dallas County.

Paragraph 8 of the contract at issue (relied on as conferring venue) reads: "The Agent shall remit in full the balance shown due in the report as above provided, which remittance shall be made in time to reach the Home Office of the Company at Dallas, Texas, not later than the last day of the second calendar month following the calendar month for which said reports are made." The following stipulations were made by the parties pursuant to the hearing on said plea: "1. During the period of time when defendant was agent for plaintiff, or for the Federal Underwriters Exchange, in the San Antonio, Texas area, and before the time that plaintiff alleges defendant began withholding premiums on policies written with plaintiff, it was defendant's procedure to mail each month at San Antonio to plaintiff's home office in Dallas, Texas, a statement of the accounts current for the month, together with a check for the balance shown in such statement. 2. The plaintiff kept records of these remittances, records of losses, and records of claims at its home office in Dallas, Texas. The general files of the plaintiff company were also kept in the company's home office in Dallas, Texas. 3. The home office of the plaintiff is Dallas, Dallas County, Texas. 4. The record of each monthly account current forwarded by defendant and the record of each payment or remittance forwarded on such account current were duly audited and recorded at the home office of the company in Dallas, Dallas County, Texas. 5. All remittances made by defendant on said accounts current were mailed in San Antonio, addressed to the home office of the plaintiff at Dallas, Dallas County, Texas." The residence of Ralph G. Lawrence is, and at all times was in San Antonio, Bexar County, Texas.

The provisions of subd. 5, Art. 1995, amended in 1935, are familiar, but should be quoted: "If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile." The only change made by the 1935 Amendment was to require the writing promising performance in a particular county to expressly name the county, or some definite place therein. Quinn v. Home Owners' Loan Corp., Tex.Civ.App., 125 S.W.2d 1063. As the subdivision was otherwise not altered, the test of its applicability continues to be of "whether by the writings between them, the one sought to be charged has plainly agreed to perform in the particular county of the suit." Heid Bros. v. Reisto, Tex.Civ.App., 247 S.W. 349, 351 (writ refused)

Appellant's point of appeal is, in substance, that the agent Lawrence is entitled to be sued in the county of his residence and his plea of privilege should have been sustained because the agency contract between plaintiff and defendant does not specify any county *in which* the contract is to be performed. In supporting argument, appellant says that the quoted paragraph of the contract nowhere provides for payments to be made *in* any certain county; merely providing that monthly remittances shall be made in time to reach the Home Office prior to a specified date. Otherwise stated, it is urged that defendant's last act of performance under the contract was mailing the remittances, which could have been completed at San Antonio or other outside point, by merely dropping into the mail box the monthly checks in time to reach the Home Office "not later than the last day of the second calendar month following the calendar month for which said reports are made." Appellant relies for reversal upon the established rule that where payment by mail is authorized, performance is completed when a letter containing the remittance, properly addressed, postage prepaid, is deposited in the mail. 32 Tex.Jur., 632; Postal Indemnity Co. v. Rutherford, Tex.Civ.App., 49 S.W.2d 1115; which rule might well be applicable, had the only requirement of sec. 8 been that "The agent shall remit in full the balance shown in the report * * *." But the contract recitals do not stop there, providing further: "which remittances shall be made in time to reach the Home Office of the Company at Dallas, Texas," etc. Obviously, we think, the paragraph in question involves a twofold obligation on part of the agency: (1) That monthly remittances (payments) shall be made to the Home Office and (2) not later than a specified date. If we be correct in above construction, a mere mailing of remittances form the San Antonio post office would not effectuate a full performance of appellant's monthly obligation with respect to premiums, when the quoted proviso, in necessary effect, is to require all payments to reach the place where the letter of remittance is addressed. The contract stipulations being tantamount to designation of a place of payment, mailing of checks by appellant would not constitute payment of premiums until received. Pierce Petroleum Corporation v. Wright, Tex.Civ.App., 28 S.W.2d 860. The instant contract being necessarily performable in the county of the suit, as to one of its most important factors, we conclude that the terms of sec. 5, Art. 1995, are relevant and controlling.

The interlocutory order under review must be affirmed.