**O. C. BERTRAND, Appellant,**

v.

**W. A. PATE, Appellee.**

No. 3192.

Court of Civil Appeals of Texas.

Eastland.

Nov. 18, 1955.

Paul Petty, Ballinger, for appellant.

Davis & Allcorn, Brownwood, for appellee.

GRISSOM, Chief Justice.

O. C. Bertrand sued W. A. Pate for possession of two tracts of land owned by Bertrand and leased to Pate. In a trial to the court judgment was rendered to the effect that Pate was entitled to possession of the surface of the land until July 1, 1955 and that Page would be entitled to possession thereafter until December 31, 1955, provided Pate paid the installment due on July 1, 1955, and that Bertrand would be entitled to possession on January 1, 1956. The court found that Pate had paid into court $315 as the rent due on January 1, 1954 and ordered it delivered to Bertrand. Bertrand has appealed.

On July 19, 1950, Bertrand leased his land to Pate for five years, beginning January 1, 1951 and ending December 31, 1955. The consideration recited in the written lease was $315.50 payable every six months. On the same day Pate executed a note to

Bertrand for $3,155, payable in installments of $315.50 each on January 1st and July 1st of each year. The note provided that failure to pay any installment, or to perform any of the agreements in the lease, should at the election of the holder mature the note and "same shall become at once due and payable and subject to foreclosure proceedings under said deed of trust." This reference to a deed of trust is the only mention thereof we have observed in the record. Neither the note nor lease contained a provision for termination of the lease for failure to pay an installment when due.

Credits entered on the back of the note by Bertrand show payment of installments on January 11, 1951, July 7, 1951, January 8, 1952, July 9, 1952, January 1, 1953 and July 8, 1953. Bertrand collected each of said installments by calling at Pate's home for them.

Bertrand claims the right to recover possession before the end of the term of the lease because Pate did not pay $315.50 on January 1, 1954 and did not offer to pay before January 5th.

Appellant's first two points are that the court erred in rendering judgment for Pate because (1) Pate made default in payment of the installment due January 1, 1954 and said default gave Bertrand the right to recover possession and because (2) Pate's offer to pay by check was not a valid tender of the amount due January 1, 1954.

■ Since judgment was rendered in a trial to the court and there are no findings of fact, the evidence will be viewed from the standpoint most favorable to Pate and to the judgment rendered. Pate did not pay the $315.50 due on January 1, 1954, but on January 5, 1954, Bertrand went to Pate's home and Pate then offered to give him a check for the installment but the offer was refused and Pate was informed by Bertrand that he had "lost his lease." There is nothing to indicate that the refusal was based on the fact that Pate's personal check was offered. It is evident that Bertrand's refusal was based on the fact that he desired to terminate the lease because he was provoked at Pate for breaking a lock on a

well and believed he could terminate the lease because payment of the installment was not made on the day it was due. On January 6th Pate gave his lawyer a check for the amount of said installment and the attorney mailed it to Bertrand. Bertrand took it to the bank on which it was drawn, not for the purpose of cashing the check but to ascertain whether Pate had the money in the bank to pay it. A teller informed Mr. Bertrand that Mr. Pate did not have that amount on deposit. The teller suggested that Bertrand see the president of the bank because Pate might have made arrangements with him to pay the check. Bertrand had the teller write on the check "insufficient funds" and left without seeing the president.

■ Pate and said president testified that Pate had made arrangement with the president to pay the check when it was presented for payment. The president testified that if it had been presented to him it would have been paid. We think reversible error was not committed by admitting such testimony. Regardless of whether such arrangement had been made, Bertrand was not entitled to cancel the lease.

Pate testified in substance that after execution of the lease he asked Bertrand if he wanted the amount of the installments deposited to his credit in the bank and Bertrand told him to hold the payments until he called for them and that he had called for them at Pate's house on every occasion when an installment had been paid and that they were not called for on the day they were due.

Bertrand testified, in effect, that he had been wanting to regain possession of his land for several months; that he wanted possession, not Pate's money; that this had been his attitude ever since Pate broke a lock on a well.

■ The credits entered on the note show that only one installment had been collected on the very day it was due. The note provided for payment at Coleman but it did not provide for payment at any particular place therein. The contract contains no provision for cancellation or forfeiture

**804**

for non-payment of installments when due and Bertrand was not entitled to cancel the lease therefor. Pate's failure to pay when due did not work a forfeiture of his rights under the lease nor entitle the lessor to possession in the absence of an agreement to that effect. 27 Tex.Jur. 64; Shepherd v. Sorrells, Tex.Civ.App., 182 S.W.2d 1009.

■■ Testimony relative to the subsequent agreement that the installments were to be paid to Bertrand personally when Bertrand called at Pate's house to collect them did not violate the parol evidence rule. Bertrand having for two years collected under this agreement and having accepted Pate's personal checks after the installments were due could not, without notice, change that custom and assert a forfeiture and a right to possession by virtue of a few days delay and the tender of Pate's personal check in payment of the installment due. Fant v. Miller, Tex.Civ.App., 218 S.W.2d 901.

All of appellant's points have been considered. We conclude that reversible error is not shown.

The judgment is affirmed.