

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

July 25, 1974

The Honorable Tim Curry
Criminal District Attorney
Tarrant County Courthouse
Fort Worth, Texas 76102

Opinion No. H- 356

Re: Whether theft provisions
of the new Penal Code are
applicable to situation where
worthless check is given for
apartment rental, etc.

Dear Mr. Curry:

You ask whether and in what circumstances a person who gives a
worthless check in payment for rental of an apartment or other real
property may be subject to prosecution under the theft provisions of the
new Penal Code, §§ 31.01 et seq., V.T.P.C. There is no question that
in this situation the actor could be prosecuted for issuance of a bad check
under § 32.41 of the Code, a violation of which is punishable as a Class C
misdemeanor. The seriousness of an offense under the theft provisions,
on the other hand, can be as much as a second degree felony depending
on the value of what is stolen.

Of the various theft provisions contained in the new Code, the one
most relevant to your inquiry is § 31.04 which establishes and defines a
relatively novel offense entitled "theft of service." In pertinent part
§ 31.04 provides:

> (a) A person commits theft of service if, with
> intent to avoid payment for service that he knows is
> provided only for compensation:
>
> (1) he intentionally or knowingly secures performance
> of the service by deception, threat or false token;

p. 1674

In § 31.01 (7)(D) "service" is defined so as to include "the supply of a motor vehicle or other property for use."   Under § 31.01 (6) (A) "property" includes "real property."   Thus under § 31.04 and the definitions accompanying it the supply of real property for use is considered a service, and one who secures performance of such a service by deception, threat, or false token is guilty of theft of service.

Traditionally the stealing of real property has not been classified as a theft offense.  At common law the crime of theft and related offenses such as larceny, embezzlement, and false pretenses were designed to impose sanctions against the wrongful acquisition of property, but property was narrowly defined so that only tangible personal property and money were included within its scope.  Real property, labor, and services were not covered.  LaFave and Scott, Criminal Law, pp. 633 and 665 (1972). As a result one who defrauded another of title to land or who walked out on his tavern bill was not guilty of theft.  In order to plug the loopholes in the law of theft caused by the limited definition of property prevailing under the common law, legislatures in states which adopted the common law were forced to enact a variety of scattered offenses covering the wrongful procurement of specific services and other things of value. Texas was no exception in this regard.  See, e.g., Arts. 978o, 1137e, 1137e-1, 1137g, 1545, 1551 and 1553a, Texas Penal Code (1925).  See generally LaFave and Scott, supra, pp. 618-678.

When it enacted the new Penal Code, the 63rd Legislature consolidated most of these scattered offenses into § 31.04, a single comprehensive offense aimed at proscribing  the acquisition of services without paying for them and entitled "theft of service."  In § 31.01 "service" is broadly defined so as to include almost anything that is ordinarily provided for compensation but that was traditionally excluded from the crime of theft because it was not classified as personal property.

It has increasingly been recognized that one who rents property to another for housing is providing a service not unlike that provided by hotels and boarding houses.  Rather than being a conveyance of a nonfreehold

estate, a modern lease agreement, especially in the urban residential context, more nearly resembles a contract in which housing is given in exchange for rent.  Developments in Contemporary Landlord-Tenant Law, 26 Vanderbilt L. Rev. 689 (1973).  The State Bar Committee which drafted and proposed the new Penal Code apparently recognized that leases are often very similar to service contracts and accordingly concluded that it would be appropriate to proscribe the wrongful acquisition of housing pursuant to one of them under the theft of service offense established by § 31.04.

In its comments on § 31.04 the committee stressed a broad definition of service and specifically noted that the rental of property was to be included within it.  State Bar Committee, Texas Proposed Penal Code, Final Draft, § 31.04, p. 222 (1970).  Furthermore the committee indicated that the theft of service statute was intended to replace Art. 1553a of the old Penal Code which made it unlawful to obtain housing by trick or fraud as follows:

> Section 1.  Every person who shall obtain occupancy of any house, duplex, or apartment by means of fraud, trick, deception, false or fraudulent representations, statement or pretense or who shall gain occupancy without permission of the owner or his agent, or who shall give in payment for rental a worthless check or who shall stop payment on a check for rent then due and not in controversy shall be guilty of a misdemeanor and shall be fined not exceeding $200.00, or be imprisoned in the county jail not exceeding 30 days, or both.

The commentary of the committee was before the Legislature when it enacted § 31.04 substantially as proposed by the committee.  Therefore it is an authoritative indication of what conduct the Legislature intended to be made criminal by the new theft of service offense.  53 TEX. JUR. 2d. Statutes, § 174, p. 254.

Under § 31.04, then, one who secures the use of real property by deception, threat, or false token is guilty of theft of service. The only remaining question is whether one who pays his apartment rent with a bad check has _secured_ the use of the premises by deception, threat, or false token.

It is a well-settled common law rule that, in the absence of express words to the contrary, possession of premises under a lease is not contingent upon the payment of rent. Bertrand v. Pate, 284 S.W. 2d 802 (Tex. Civ. App., Eastland 1955, no writ) and Shepherd v. Sorrells, 182 S.W. 2d 1009 (Tex. Civ. App., Eastland 1944, no writ). The lessee does not forfeit his right to use the premises by failing to pay rent and cannot be ejected until there has been a formal demand for payment made in accordance with the strict rules of the common law. Shepherd, 182 S.W. 2d at 1011. Under such a lease it cannot be said that the use of the property is secured by the payment of rent, and therefore the lessee could not be prosecuted for theft of service if he intentionally paid the rent with a worthless check.

But modern leasing arrangements often contain express language that changes the common law rule and plainly makes use of the premises contingent upon the payment of rent. Under such an agreement it is understood by both parties that the use of the property is obtained only on condition that the rent is paid on time, and in our opinion if the lessee were intentionally to pay his rent with a worthless check, he would be securing the use of the premises by false token and could be prosecuted for theft of service under § 31.04. Thus under many modern leases one who knowingly pays his rent with a worthless check runs the risk of prosecution for theft of service. In this regard § 31.06 of the new Code establishes a presumption of guilty knowledge when services are secured by passing a worthless check. Of course this presumption is not conclusive on the question of intent since it remains a matter to be determined by the jury. Section 2.05, V.T.P.C.

## SUMMARY

Under § 31.04 one who secures the use of rental property by deception, threat, or false token is guilty

of theft of service.   When the tenant's right to
possession under a lease is expressly made
contingent upon the payment of rent,  the tenant
is subject to prosecution for theft of service,  if
he knowingly pays his rent with a worthless check.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK,  First Assistant

DAVID M. KENDALL,  Chairman
Opinion Committee