**Walter WENDLANDT et al., Appellants,**

v.

**The SOMMERS DRUG STORES COMPANY, Appellee.**

**No. 12565.**

Court of Civil Appeals of Texas, Austin.

May 4, 1977.

Rehearing Denied May 25, 1977.

Peter M. Lowry, McGinnis, Lochridge & Kilgore, Austin, for appellants.

Richard B. Moore, Marshall B. Miller, Jr., Gresham, Davis, Gregory, Worthy & Moore, San Antonio, for appellee.

PHILLIPS, Chief Justice.

This suit was originally brought by The Sommers Drug Stores Company, appellee here, against appellants to enjoin them from taking possession of certain leased premises which were in the possession of appellee following a declaration of termination of the lease by appellants.

The court granted appellee a temporary injunction pending trial on the merits. The case was then tried before the court after which the court entered judgment granting a permanent injunction against appellants forbidding them to interfere with appellee's use of the leasehold. We affirm this judgment.

Although appellants are before us on a number of points of error, the case presents two questions, *viz,* whether or not there was a breach of the lease by appellee; and, if so, did appellants afford appellee with sufficient notice of the default.

Appellants leased a drug store facility at the Southwood Center in Austin to appellee pursuant to a written lease executed June 2, 1964.

The lease provides for rental payments in advance on the first of each month, but it is undisputed that it was the custom and practice of appellee to prepare rent checks on or about the first of each month and to deposit the checks in the United States mails, properly stamped and addressed to appellants between the second and fifth of each month. It was also undisputed that this custom and practice was accepted by appellants without complaint for at least 1½ to 2 years prior to November, 1974.

On November 4, 1974, appellee's vice-president received a letter from appellants, the relevant part being: "Our lease agreement provides that you will pay the rent on or before the 1st of the month. We have not received the rent due for November."

Although appellants contend they did not receive the November, 1974, rent check, it was found as a fact by the trial court based on testimony by an officer of appellee, that the check was prepared and deposited in the United States mails in the usual course of appellee's business.

On December 4, 1974, appellee received a registered letter from appellants dated December 3, 1974, which purported to forfeit the lease for alleged failure to pay November and December, 1974, rentals, and also demanded the unaccrued rental for the remaining portion of the month of December, 1974.

Thereafter, all rentals owed appellants by appellee prior to the end of December, 1974, were duly paid and accepted by appellants.

## I

■ We hold that because appellants assented to and accepted, without protest, for at least 1½ to 2 years, a course of conduct whereby appellee made payment of rentals after the first of each month, the mailing of the November, 1974, rental check by appellee on November 4, 1974, did not constitute a breach of the lease in question. *Bertrand v. Pate,* 284 S.W.2d 802 (Tex.Civ.App.1955, no writ); *Fant v. Miller,* 218 S.W.2d 901 (Tex.Civ.App.1949, writ ref. n.r.e.); *Miers v. Clark,* 253 S.W.2d 941 (Tex.Civ.App.1952, no writ).

■ Appellee's proof by evidence of a general procedure of mailing checks to their various lessors, and specifically in connection with the November, 1974, rental check in question, established the fact of mailing the check and, for the purposes of defeating appellants' claim of default, established the November payment. *Southland Life Ins. Co. v. Greenwade,* 138 Tex. 450, 159 S.W.2d 854 (1942); *Smith v. F. W. Heitman Co.,* 44 Tex.Civ.App. 358, 98 S.W. 1074 (1906, writ ref.); *Fant v. Miller, supra.*

American courts have long recognized the impracticality of requiring proof of mailing only by direct proof of proper address, stamping and mailing, and have allowed the introduction of circumstantial evidence for this purpose. 2 McCormick and Ray, *Texas Law of Evidence,* § 1514 (2d ed. 1956). Also see 1 McCormick and Ray, *Texas Law of Evidence,* § 111 (2d ed. 1956).

Appellants' reliance on *Lawrence v. Continental Fire and Casualty Ins. Corp.,* 203 S.W.2d 967 (Tex.Civ.App.1947, no writ), as authority for a different rule with respect to the November payment question is misplaced, as the question of payment raised in *Lawrence* was applicable only to the question of establishing venue.

## II

Appellants also contend that their letter dated November 2, 1974, quoted above, constituted sufficient notice of default, that appellee failed to effect a timely cure, and further, that their letter dated December 3, 1974 (not quoted in this opinion since, due to our disposition of the case, we need not pass on its sufficiency as notice of default under the lease) constituted sufficient notice of default, and that it was not premature, and that appellee had willfully breached the lease agreement.

■ We hold that the letter dated November 2, 1974, quoted above, is not effective either as a demand for payment or as a notice of default. The letter demands nothing. Notice of default in payment of rent must convey a message that the notifier is initiating steps necessary to finally assert his legal rights that if default is not cured, he may take final action as provided in the contract. In this respect see: *Moore v. Richfield Oil Corp.,* 233 Or. 39, 377 P.2d 32 (1962); *Hocker v. Heins,* 231 N.Y.S.2d 481 (Sup.Ct. of Suffolk County, N.Y.1962). Consequently, the letter of November 2, 1974, could not serve as a declaration of forfeiture. The cases in this State hold that a landlord cannot forfeit the lease of his tenant for failure to comply with the provisions without first making demand upon the tenant for performance. *Gray v. Vogelsang,* 236 S.W. 122 (Tex.Civ.App.1921, no writ); *Shepherd v. Sorrells,* 182 S.W.2d 1009 (Tex.Civ.App.1944, no writ); *Conn v. Southern Pine Lumber Co.,* 11 S.W.2d 199 (Tex.Civ.App.1928, no writ).

Furthermore, it is only in cases in which the lease contract contains an express waiver of demand for performance that the rule announced above can be disregarded. *Gray v. Vogelsang, supra.*

■ The default clause in the lease at bar states that in event of default, the lessor may declare the lease forfeited at his discretion; however, we cannot agree with appellants' contention that inasmuch as the lease required the payments to be made on the first of each month, failure to do so automatically placed the lease in default.

The default clause in this lease does not waive demand for performance as a condition precedent to forfeiture. Also see: *Moore v. Richfield Oil Corp., supra; Hocker v. Heins, supra.* In *Rohrt v. Kelley Manufacturing Co.,* 162 Tex. 534, 349 S.W.2d 95 (1961), the Court sets out language in a letter sufficient as notice of default. The language in this case in no way compares with the language as set out in *Rohrt.*

The default clause in the lease at bar also gives appellee thirty days in which to cure any alleged default. Thus, appellee had thirty days after appellants' letter of December 3, 1974, in which to cure the default. We agree with the trial court that appellee cured any default.

In stating the facts of this case, we have followed the findings of fact set out by the trial court as, upon review of the record, we find ample evidence upon which to uphold them. Consequently, we find no merit in appellants' no evidence or insufficient evidence points attacking these findings.

Finding no error, the judgment of the trial court is in all things affirmed.