GILLER INDUSTRIES, INC. and David J. Giller, Individually, Appellant,

v.

Clifton C. HARTLEY, Appellee.

No. 05–82–00019–CV.

Court of Appeals of Texas, Dallas.

Dec. 17, 1982.

Ronald E. Deutsch and W. Scott Berry, True & McLain, Dallas, for appellant.

Kenneth Horn, Murph & Horn, Dallas, for appellee.

Before STEPHENS, WHITHAM and GUILLOT, JJ.

WHITHAM, Justice.

Appellants, Giller Industries, Inc., as tenant, and David J. Giller, as guarantor, appeal from a judgment in favor of appellee, Clifton C. Hartley, the landlord, for breach of a lease agreement. In two points of error Giller contends Hartley waived the right to terminate the lease and that the great weight of the evidence established that Hartley failed to perform a special condition of the lease thereby releasing Giller from any liability under the lease. We disagree. Accordingly, we affirm.

The lease provided for a three year term with rental payments due on the first of

each month, the first payment being due on March 1, 1979. Giller was consistently late in making the rental payments for the next six months. Giller concedes that up to October 15, 1979, it had made rental payments for prior months on dates ranging from the tenth of the month to the seventeenth of the month. On October 15, 1979, Giller tendered the October rental payment which was refused. By letter dated October 16, 1979, Hartley demanded immediate possession of the property and advised Giller that if it did not vacate within three days an eviction suit would be filed.[1] Giller vacated sometime in November 1979.

Giller argues that acceptance of late payments without protest for a period of six months established a custom and course of dealing between the parties whereby Hartley waived his right to take action for Giller's failure to make timely rental payments. Further, Giller argues that although it did not plead waiver, the issue was tried by consent. In view of our disposition of the case we do not reach the issue of whether waiver was tried by consent. We assume, without deciding, that Giller's plea of waiver was properly before the trial court.

Hartley concedes that the right of a lessor to declare a default for untimely payment of rent can be waived by the continuous acceptance of late rental payments, citing *Wendlandt v. Sommers Drug Stores Co.* 551 S.W.2d 488, 490 (Tex.Civ.App.— Austin 1977, no writ) and *Fant v. Miller*, 218 S.W.2d 901, 903 (Tex.Civ.App.—Texarkana 1949, writ ref'd n.r.e.). Hartley argues, however, that the rule cannot be invoked where the lease agreement provides that the waiver of a default or breach does not constitute a waiver of future defaults or breaches. We agree. In the present case the lease agreement provides:

No waiver by the parties hereto of any default or breach of any term, condition or covenant of this lease shall be deemed to be a waiver of any subsequent default or breach of the same or any other term, condition, or covenant contained herein.

We conclude that as a matter of law this lease provision prevents a finding that Hartley waived his right to take action for Giller's failure to make timely rental payments. Although we have found no Texas cases, nor have the parties cited any, involving a clause such as the one before us, it has been held in other jurisdictions that similar clauses preclude the defense of waiver even though lessor accepts late tender of rental payments after the due date. *In re Wil-low Cafeterias, Inc.*, 95 F.2d 306, 309 (2d Cir. 1938); *King v. Petroleum Services*, 536 P.2d 116, 119 (Alaska, 1975); *Cottonwood Plaza Associates v. Nordale*, 132 Ariz. 228, 644 P.2d 1314, 1318–19 (1982); *Karbelnig v. Brothwell*, 244 Cal.App.2d 333, 53 Cal.Rptr. 335, 340 (1966); *Philpot v. Bouchelle*, 411 So.2d 1341, 1344 (Fla.1982).

In the present case the parties contracted in advance that a prior waiver of default or breach shall not be a waiver of any subsequent default or breach. Thus, as a matter of law, prior waivers cannot establish a custom and course of dealing constituting a subsequent waiver. The parties have contracted against the occurrence of that very custom and course of dealing. Accordingly, we hold that where a lease agreement provides that the waiver of a default or a breach does not constitute the waiver of subsequent defaults or breaches, the lessor's acceptance of late payments of rental without protest does not establish a custom and course of dealing between lessor and lessee whereby lessor waives any of his rights under the lease. We conclude, therefore, that the terms of the lease prevent a finding of waiver as a matter of law.

Next, we consider Giller's contention that "the great weight of evidence established that [Hartley] failed to perform a condition of the lease agreement, that [Giller] notified [Hartley] of said failure by

1. Although Hartley sued for and recovered future rentals under a lease that Hartley terminated for Giller's default, Giller does not contend that Hartley cannot recover future rentals.

See *Rohrt v. Kelley Manufacturing Co.*, 162 Tex. 534, 349 S.W.2d 95, 99 (1961). Accordingly, we do not address this question.

and through [Hartley's] agent, and said failure operated to defeat any liability on the part of [Giller]." The language of the provision in question is contained in paragraph 35(c). Complaining of certain of the trial court's findings of fact and conclusion of law, Giller tells us in his brief "that the great weight of evidence supports the contention that Paragraph 35(c) of the agreement was a condition and therein the trial court's Findings of Fact Nos. 13 and 15 and Conclusion of Law No. 6 are in error" and that "[T]herefore, based on the great weight of the evidence adduced, the trial court's Findings of Fact Nos. 14 and 16 are incorrect as is Conclusion of Law No. 8." At oral argument Giller conceded that his second point was a "no evidence point" rather than a "sufficiency of the evidence point" in view of the fact that he prayed that we reverse and render. No remand was sought. However, regardless of the technical stance of Giller's point we are unable to address or dispose of the point in light of the incomplete record before us. On the record before us we conclude that Giller has waived his second point of error.

As pointed out, Giller complains of certain of the trial court's findings of fact and conclusions of law. Those findings and conclusions, however, are not in the record before us. Thus, we cannot address or dispose of Giller's second point of error. This case was submitted November 10, 1982. On February 23, 1982, Giller filed a motion to supplement the transcript by including the trial court's findings of fact and conclusions of law. We granted that motion on March 11, 1982. Giller failed to file a supplemental transcript and bring the offending findings and conclusions before us. Since we do not know what findings of fact or conclusions of law were made by the trial court, we cannot determine if the trial court erred in its findings. Nor can we determine if there is any evidence to support the findings of fact. Moreover, in the absence of findings of fact and conclusions of law by the trial court we must presume that the trial court's implied findings support the judgment. *Seaman v. Seaman,* 425 S.W.2d 339, 441 (Tex.1968); *Shannon v. Monasco,*

632 S.W.2d 946, 948 (Tex.App.—Waco 1982, writ ref'd n.r.e.). Giller does not complain of the sufficiency or lack of evidence supporting *implied* findings of the trial court. Therefore, presuming as we must that the trial court's implied findings support the judgment, we affirm.

Affirmed.