TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00223-CV







Carlos M. Lopez, Appellant



v.



Sandra Clark, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 98-04613-A, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING







 Appellant Carlos Lopez, an inmate of the Texas Department of Criminal Justice--

Institutional Division, sued appellee Sandra Clark, the district clerk of Bee County, for wrongfully
refusing to file pleadings and other documents he tendered for filing in the district court of Bee
County. Lopez also brought claims against four additional defendants, none of whom is a party
to this appeal. (1) Clark answered and moved for summary judgment. From the trial court's grant
of summary judgment, Lopez appeals. We will affirm the trial court's judgment.

 Lopez alleged that on July 19, 1997, he mailed mandamus pleadings and other
documents to Clark to file in the district court of Bee County. Clark returned the documents on
November 23 as defective for failing to comply with chapter 14 of the Civil Practice and
Remedies Code. Lopez then prepared and mailed to Clark a motion for leave to proceed without
paying costs. Clark again returned the documents to Lopez. Lopez charged that by these actions
Clark denied him access to the courts.

 Clark moved for summary judgment asserting three grounds: (1) the defense of
official immunity shields her from liability for her actions; (2) Lopez has not suffered any
damages from her allegedly negligent actions; and (3) Lopez has produced no evidence of
damages. See Tex. R. Civ. P. 166a(c), (i). As to her first ground, Clark alleged that she was a
government employee who, while acting within the scope of her authority as district clerk of Bee
County, performed discretionary duties in good faith when she refused to file legal pleadings
forwarded to her by Lopez. A defendant who moves for summary judgment on an affirmative
defense must conclusively prove all essential elements of that defense. Swilley v. Hughes, 488
S.W.2d 64, 67 (Tex. 1972). The question on appeal, as it was in the trial court, is whether the
movant has shown that no genuine issue of material fact exists and that she is entitled to summary
judgment as a matter of law. Tex. R. Civ. P. 166a(c).

 The elements of the defense of official immunity are (1) the performance of a
discretionary function (2) in good faith (3) within the scope of the employee's authority. Kassen
v. Hatley, 887 S.W.2d 4, 9 (Tex. 1994). Clark's allegations, contrary to Lopez' contention,
correctly set forth the elements of the official-immunity defense.

 Lopez asserts that the evidence Clark offered fails to establish her affirmative
defense as a matter of law. An inmate who files an affidavit or unsworn declaration of inability
to pay costs must file a separate affidavit or declaration containing detailed information about his
litigation history and a certified copy of his trust-account statement. Tex. Civ. Prac. & Rem.
Code Ann. § 14.004 (West Supp. 2000). As summary-judgment evidence, Clark offered an
affidavit in which she describes her practice as district clerk when pro se inmates tender pleadings
with an affidavit or unsworn declaration of inability to pay costs. In part, Clark testified:


 When such pleadings are received in the District Clerk's office, I must
review these pleadings to determine whether or not they comply with the
requirements of Tex. Civ. Prac. & Rem. Code § 14.001 et seq. After doing so,
I must deliberate and decide, in my personal judgment, whether or not the
pleadings comply with the provisions of § 14.001 et seq in reaching a
determination as to whether or not the pleadings should be filed in my office.


 In reaching a decision whether or not to file pleadings in my office, I am
acting within the scope of my authority as District Clerk of Bee County, Texas,
and I am acting in good faith.


 Although I do not recall the specific pleadings forwarded to me by Plaintiff
CARLOS M. LOPEZ, pro se, the aforementioned procedure is the procedure
which I would have followed in refusing to file such pleadings, and returning same
to Plaintiff. . . . Therefore, I utilized my discretion, in good faith, while acting
in the scope of my authority while performing my duties as District Clerk of Bee
County, Texas when I refused to file the legal pleadings forwarded to me by
Plaintiff, . . .


 By testifying that her job required her to determine whether pleadings such as
Lopez's complied with the statute, that such a determination required her to exercise personal
judgment, and that she exercised her judgment in good faith, Clark provided evidence on each
element of official immunity. Evidence of the habit of a person, whether or not corroborated, is
relevant to prove that the conduct of the person on a particular occasion conformed with the habit. 
Tex. R. Evid. 406; see Wendlandt v. Sommers Drug Stores Co., 551 S.W.2d 488, 490 (Tex. Civ.
App.--Austin 1977, no writ). We conclude that Clark's testimony that she routinely reviewed
pleadings such as those Lopez filed and that she returned those not complying with the statute
established her defense of official immunity in this case as a matter of law. Having determined
that this ground supports the summary judgment, we need not address Lopez's arguments
attacking the alternative grounds Clark submitted.

 Lopez argues that the trial court erred in allowing Clark to amend her answer
before it rendered summary judgment in her favor. On February 8, 1999, Clark amended her
answer to raise the affirmative defense of official immunity. The trial court rendered summary
judgment on March 24. Lopez appears to complain that, according to Clark's certificate of
service, a copy of the amended answer was mailed to him on February 5. Lopez failed to present
this complaint to the trial court and further fails to show in what manner the date of service
harmed him. See Tex. R. App. P. 44.1(a)(1).

 Lopez also asserts without argument that the trial court erred in granting a
severance after it rendered summary judgment for Clark. Again, Lopez neither objected to the
severance in the trial court nor explains how it harmed him. See id.

 We affirm the district court's judgment.



 

 Mack Kidd, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: May 11, 2000

Do Not Publish
1. Lopez's claims against the four defendants not involved in this appeal stem from an
incident in which Lopez allegedly refused to provide information about his cellmate's escape from
prison. Lopez claimed that James Zeller, the warden who investigated the incident, David
Blackwell, the hearing officer who conducted Lopez's disciplinary proceeding, Mark Diaz, the
assistant warden who upheld the disciplinary action, and Amalia Rodriguez-Mendoza, the district
clerk who refused to file his petition for judicial review, violated his constitutional rights, acting
both individually and in furtherance of a conspiracy.



pro se inmates tender pleadings
with an affidavit or unsworn declaration of inability to pay costs. In part, Clark testified: