Opinion issued
November 10, 2011.



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-10-00738-CV

———————————

Elena Markovsky, Appellant

V.

Kirby
Tower, LP,
Appellee



 



 

On Appeal from the 11th
District Court

Harris County, Texas



Trial Court Case No. 2009-03458

 



 

 

MEMORANDUM
OPINION

 

          Elena
Markovsky appeals the trial court’s final judgment ordering she take nothing on
her claims against Kirby Tower, LP, and awarding Kirby Tower $300,000.00 in
earnest money Markovsky had placed in escrow for the purchase of a condominium
unit.  Markovsky sued Kirby Tower for
breach of contract, seeking the return of the earnest money.  The jury found that Kirby Tower had breached
the contract but that the breach was excused by Markovsky’s waiver.  The trial court rendered judgment awarding
Kirby Tower the $300,000.00 in earnest money. 
In two issues on appeal, Markovsky contends that the trial court erred
by failing to disregard the jury’s finding that Markovsky waived a completion
date provision of the parties’ contract and that the trial court erred by granting
relief to Kirby Tower because Kirby Tower’s pleadings did not seek a release of
the earnest money.  We conclude the trial
court did not err by overruling Markovsky’s motion to disregard the jury’s
answer to the waiver issue, but erred by awarding the earnest money to Kirby
Tower without supporting pleadings or a jury finding that Markovsky breached
the Agreement.  We reverse in part and
affirm in part.

Background

           Markovsky and her husband decided to purchase
a condominium unit in a building being developed and sold by Kirby Tower.  In January 2008, Kirby Tower sent Markovsky a
Condominium Purchase Agreement.   The
unit price was $3,000,000.00 and Kirby Tower required an earnest money deposit
of $300,000.00.  Markovsky[1] asked to include a
provision in the Agreement allowing an unconditional “out”—that is, a right to
terminate the contract and receive a return of the earnest money.  Kirby Tower’s sales manager told her that was
not possible.  Instead, he included the
following provision in a “Special Provisions Addendum” to the Agreement:

Notwithstanding any other provisions, the Completion Date
is scheduled on or before May 31, 2008. 
In case of Seller’s failure to complete the Unit on or before the
completion date, Buyer reserves the right to a full refund of Earnest Money
along with any accrued interest.

   

Although this provision was not the unconditional
out Markovsky originally requested, Markovsky was satisfied with—and agreed
to—this provision because she felt it was very unlikely that the unit could be
completed by May 31, 2008.

          The
unit was not completed by May 31, 2008. 
Markovsky nevertheless continued to make changes to the unit plans and
continued to proceed under the contract, including selecting unit upgrades and
specifying cabinets and appliances to install in the unit.  Markovsky and her husband intended to close
on the unit until their personal finances deteriorated and they felt they could
no longer comfortably afford the unit. 
On November 5, Markovsky’s husband therefore informed Kirby Tower’s
sales manager that Markovsky wished to cancel the Agreement and receive her
earnest money back.  The sales manager
asked for some time and Markovsky agreed to contact him later in the
month.  On November 19, Markovsky
contacted the sales manager again.  The
sales manager told Markovsky’s husband that the May 31, 2008 completion date was
a typographical error and it should have read May 31, 2009.  In response, Markovsky sent a letter to the
title company dated November 20, 2008, stating that Kirby Tower was in breach
by failing to complete the unit by May 31, 2008 and asking for a return of the
earnest money and accrued interest.

          Kirby
Tower responded by sending a letter to Markovsky informing her that “we both
know” the May 31, 2008 date was a typographical error that should have been May
31, 2009.  Kirby Tower asked Markovsky to
sign an amendment changing the date to May 31, 2009 or it would file suit to
reform the Agreement.  Markovsky did not
respond to the letter.  She filed this
suit seeking the return of her earnest money plus accrued interest.

Waiver

          In
her second issue, Markovsky contends the trial court erred by failing to
disregard the jury’s answer to question number three, the waiver question.  Specifically, Markovsky contends that the
defense of waiver was not available as a matter of law and that no evidence
supports the jury’s finding of waiver.

          A.      Standard of Review

          A trial court may disregard a jury
finding when the question is immaterial or there is legally insufficient evidence
to support the finding.  Hall v. Hubco, Inc., 292 S.W.3d 22,
27 (Tex. App.—Houston [14 Dist.] 2006, pet. denied) (citing Spencer v.
Eagle Star Ins. Co. of Am., 876
S.W.2d 154, 157 (Tex. 1994)).  A question
is immaterial: “(1) if the question should not have been submitted; (2)
if the question was rendered immaterial by other findings, or (3) if the
question called for a finding not within the jury’s province, such as
presenting a question of law for the court.” 
Vecellio Ins. Agency, Inc. v. Vanguard Underwriters Ins. Co., 127
S.W.3d 134, 140 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (citing Spencer, 876 S.W.2d at 157).  A trial court’s decision on a motion to disregard
based on a legal issue is reviewed de novo.  Hall, 292
S.W.3d at 27–28 (citing Houston Lighting & Power Co. v. City of Wharton,
101 S.W.3d 633, 638 (Tex. App.—Houston [1st Dist.] 2003, pet. denied)).  When the motion to disregard is based on a
complaint that the evidence is legally insufficient, we employ the well-settled
legal sufficiency or “no evidence” review. 
See Tiller v. McLure, 121 S.W.3d 709, 713 (Tex. 2003).  The evidence is legally insufficient when (1) the record discloses
a complete absence of evidence of a vital fact; (2) the court is barred by
rules of law or rules of evidence from giving weight to the only evidence
offered to prove a vital fact; (3) the evidence offered to prove a vital fact
is no more than a mere scintilla; or (4) the evidence establishes conclusively
the opposite of a vital fact.  City of
Keller v. Wilson, 168
S.W.3d 802, 810 (Tex. 2005).  In
determining whether there is legally sufficient evidence, we must consider
evidence favorable to the finding if a reasonable fact-finder could and
disregard evidence contrary to the finding unless a reasonable fact-finder
could not.  Id. at 807, 827.

          B.      Waiver
addressed by the contract

          In
this portion of her second issue, Markovsky contends, “Where the parties have
contracted regarding waiver, such provision precludes a finding [of] waiver as
a matter of law.”  The Agreement contains
a paragraph that states: “29.  WAIVER. By
closing this agreement, buyer shall be deemed to have waived all claims against
Seller and Seller shall have been deemed to have fulfilled all of its
contractual obligations . . . .”  Thus,
Markovsky argues, the contract determines that waiver, if any, occurs only at
closing.  In support of her argument,
Markovsky cites Giller Industries, Inc.
v. Hartley, 644 S.W.2d 183 (Tex. App.—Dallas 1982, no writ).

          We
decline to apply Giller Industries as
Markovsky urges.  In that case, the
Dallas court was addressing a non-waiver provision.  Giller
Indus., Inc., 644 S.W.2d at 184.  The
provision stated, “No waiver by the parties hereto of any default or breach of
any term, condition or covenant of this lease shall be deemed to be a waiver of
any subsequent default or breach of the same or any other term, condition, or
covenant contained herein.”  Id. 
The Dallas court held that, because of this clause, the landlord had not
waived its right to claim a breach of contract due to the tenant’s late rent
payment, even though the landlord had previously accepted late payments without
protest.  Id.  But this case is
distinguishable from Giller Industries.  The provision in Giller Industries stated that a prior waiver of the other party’s
breach would not waive subsequent breaches. 
Id.  The provision in this case is more narrowly
drawn, specifically stating that any waiver will take place “[b]y closing” the
Agreement.  It is undisputed that a
closing on the unit never took place.  

          Because the contractual provision at
issue in Giller Industries differs
significantly from the one in this case, that case does not apply to the Agreement.

          We overrule this portion of
Markovsky’s first issue.

          C.      No evidence of waiver

          In
this portion of her second issue, Markovsky contends that the evidence is
legally insufficient to show that Kirby Tower was prejudiced or misled or that
she intended to waive the completion date clause of the contract.

          Concerning
the first contention, Markovsky argues that a court will not imply waiver
unless the conduct of the party charged with waiver prejudices the other
party.  See Nixon Constr. Co. v. Downs,
441 S.W.2d 284, 286 (Tex. Civ. App.—Houston [1st Dist.] 1969, no writ); see also Enserch Corp. v. Rebich, 925
S.W.2d 75, 82 (Tex. App.—Tyler 1996, writ dism’d) (“[W]waiver by implication
should not be inferred contrary to the intention of the party whose rights
would be injuriously affected thereby, unless the opposite party has been
misled to his or her prejudice.”)  Markovsky argues that the record contains no
evidence that Kirby Tower was misled or prejudiced.  We must, however, measure the sufficiency of
the evidence against the charge given in the absence of an objection.  Wal–Mart Stores, Inc. v. Sturges, 52 S.W.3d 711, 715 (Tex. 2001); Osterberg
v. Peca, 12 S.W.3d 31,
55–56 (Tex. 2000).  Markovsky did not
object to the proposed charge on the grounds that it did not require a finding
that Kirby Tower was misled or suffered prejudice.  The lack of any such evidence is, therefore,
irrelevant to our legal sufficiency review. 
See Wal–Mart Stores, Inc.,
52 S.W.3d at 715; Osterberg,
12 S.W.3d at 55–56.

           The charge in this case asked the jury, “Was
[Kirby Tower’s] failure to comply [with the Agreement] excused?”  The jury was also instructed, “Failure to
comply by [Kirby Tower] is excused if compliance is waived by [Markovsky].  Waiver is an intentional surrender of a known
right or intentional conduct inconsistent with claiming that right.”  A reasonable juror could have found waiver
based on this definition and the evidence presented.  

          Markovsky testified repeatedly that
she did not expect the unit to be completed by May 31, 2008, nor did she intend
for it to be completed by that date.   She also testified that it did not matter to
her if the unit was completed by May 31 or not. 
She testified that when she did ask for a return of the earnest money,
she did so because her and her husband’s financial status had changed and they
felt they could no longer “comfortably afford” the unit, not because the unit
was not complete on May 31.  In addition,
Markovsky did not request a return of the earnest money until more than five
months after the May 31, 2008 completion date was missed.  During that interval, she met several times
with the architects and revised the plans for the unit.  She also continued making selections for
customized or upgraded components for the unit, such as making cabinet
selections in September 2008.  She
additionally testified that, until her finances deteriorated, she had no
intention of terminating the contract, but intended to close on the unit
despite the fact that it was not completed on May 31, 2008.

          Similarly, Markovsky’s husband
testified that he thought it was very unlikely the completion date would be met
and that he did not care.  He also testified
that he and Markovsky had no intention of seeking an earnest money refund based
on Kirby Tower’s failure to complete by May 31, 2008.  He expressly stated that the completion date
had nothing to do with the decision to seek a return of the earnest money;
rather, he and Markovsky’s personal financial status was the reason they sought
to get out of the contract.  

          Accordingly,
we conclude that the record contains some evidence from which a rational juror
could find Markovsky engaged in intentional conduct inconsistent with claiming
the right to enforce the May 31, 2008 completion date.  We therefore hold that the evidence is
legally sufficient to support the jury’s finding of waiver.

          Markovsky
cites Tiger Truck, LLC v. Bruce’s Pulp & Paper, LLC, 282 S.W.3d 176
(Tex. App.—Beaumont 2009, no pet.), in support of her argument that her actions
do not constitute waiver.  That case,
however, is distinguishable.  In Tiger Truck, the contract gave Tiger
Truck sixty days to conduct due diligence and the closing date was thirty days
after the expiration of the due diligence period.  282 S.W.3d at 185.  The seller argued that Tiger Truck waived its
right to terminate the contract by continuing its activities on the property
after the sixty-day due diligence period had expired.  Id.  The court noted that, while Tiger Truck did
not terminate the contract at its earliest opportunity, “none of Tiger Truck’s
behavior after [the due diligence period expired] indicates an intention to
waive its right to terminate the contract.” 
Id.  Tiger Truck received an environmental
assessment days before the due diligence period expired.  Id.  The assessment triggered a more in-depth
environmental study, which revealed contamination on the property from
underground petroleum tanks.  Id. 
The court stated, “At most, Tiger Truck delayed exercising its right to
terminate until it determined that it could not promptly work around the
still-developing environmental issues with the property.”  Id.
at 186.  

          Here,
Markovsky was not in the midst of conducting a due-diligence review to
determine whether to proceed with the purchase at the time her right to obtain
a refund arose.  Instead, the evidence
shows Markovsky fully intended to proceed to closing for months after the May
31 completion date and that she continued to work with Kirby Tower towards
consummating the contract for another five months.  Markovsky’s conduct more closely resembles
the actions in SP Terrace, L.P. v. Meritage Homes of Texas, LLC, 334
S.W.3d 275 (Tex. App.—Houston [1st Dist.] 2010, no pet.), which were found to
raise a fact issue concerning waiver.  In
that case, under the parties’ contract, SP Terrace was required to file a
subdivision plat on December 31, 2005.  SP Terrace, L.P., 334 S.W.3d at
279.  SP Terrace did not do so and
Meritage, on February 3, 2006, demanded return of its earnest money for SP
Terrace’s breach.  Id. at 280.  SP Terrace
presented evidence that Meritage had continued to participate in meetings and that
SP Terrace accommodated changes requested by Meritage in the months following
the December 31 deadline.  Id. at 285.  This court reversed a summary judgment for
Meritage, finding SP Terrace had raised a fact issue concerning waiver.  Id.
at 285.  

          We overrule this portion of
Markovsky’s second issue.

Pleadings and Judgment

          In
her first issue, Markovsky contends that the trial court erred in awarding the
$300,000.00 earnest money to Kirby Tower because Kirby Tower did not plead for that
relief.

          “A
trial court cannot enter judgment on a theory of recovery not sufficiently set
forth in the pleadings or otherwise tried by consent.”  Hartford
Fire Ins. Co. v. C. Springs 300, Ltd., 287 S.W.3d 771, 779 (Tex. App.—Houston
[1st Dist.] 2009, pet. denied); see also
Tex. R. Civ. P. 301 (providing
that the “judgment of the court shall conform to the pleadings”); Kao Holdings, L.P. v. Young, 261 S.W.3d
60, 65 (default judgment against defendant improper because—among other
reasons—no claim was pleaded against that defendant); In re Park Mem’l Condo. Ass’n, Inc., 322 S.W.3d 447, 450–51 (Tex.
App.—Houston [14th Dist.] 2010, orig. proceeding) (trial court erred by
granting relief for disbursement of insurance proceeds where plaintiff’s
petition “did not assert any claim whatsoever to the insurance proceeds”).  Kirby Tower’s live pleading contains a
general denial and several affirmative defenses.  It does not assert a claim that Markovsky is
in breach of the contract.  It does not
mention the $300,000.00 at all—or, in the words of our sister court, Kirby
Tower’s pleading “did not assert any claim whatsoever” to the earnest
money.  See In re Park Mem’l Condo. Ass’n,
Inc., 322 S.W.3d at 450.  Because the
pleadings do not support an award of the earnest money to Kirby Tower, the
trial court erred by awarding the $300,000.00 to Kirby Tower.  See Hartford
Fire Ins. Co., 287 S.W.3d at 779; see
also Cunningham v. Parkdale Bank,
660 S.W.2d 810, 813 (Tex. 1983) (“Thus, a party may not be granted relief in
the absence of pleadings to support that relief.”).     

          Kirby Tower raises two arguments in
this appeal that it contends support the award of the $300,000.00 to it.  First, Kirby Tower asserts that it did not
allege a counterclaim “because such a counterclaim would have been improper, as
its only basis would have been merely to seek the opposite relief sought by
Markovsky’s declaratory judgment.”  The
sole authority on which Kirby Tower relies is Howell v. Mauzy, 899 S.W.2d 690 (Tex. App.—Austin 1996, writ
denied).  In that case, the Austin Court
of Appeals stated, “A court may allow a declaratory judgment counterclaim . . .
if it is something more than a mere denial of plaintiff’s claims and has
greater ramifications than the original suit.” 
Howell, 899 S.W.2d at
706.  

          Markovsky’s entire theory of recovery,
whether framed as a declaratory judgment or as a breach of contract, was based
on the completion date in the Special Provisions Addendum of Agreement.  That is, Markovsky relied on Kirby Tower’s failure
to complete the unit by May 31, 2008. 
This provision plainly states, “In case of Seller’s failure to
complete the Unit on or before the completion date, Buyer reserves the right to
a full refund of Earnest Money along with any accrued interest.”  This provision does not grant Kirby Tower any right to the
earnest money if it did complete the unit by that date (or, as here, Markovsky
waived the right to enforce that provision). 
Rather, other sections of the contract determine the entitlement to the earnest
money in situations other than the failure to meet the completion date.  In the Addendum to the Agreement, paragraph
13 provides that if Kirby Tower is in default, Markovsky’s sole remedy—if she
does not elect in writing to enforce specific performance within 30 days of
written notice of Kirby Tower’s default—is to treat the Agreement as terminated
and receive a refund of all payments that are not designated non-refundable
under the Agreement.  A similar provision
states that Kirby Tower is entitled to the earnest money and all other
refundable amounts as liquidated damages if Markovsky is in default.  For Kirby Tower to have properly asserted a
claim to the earnest money, it needed to do more than merely deny Markovsky’s
claim of the breach of the completion date provision of the contract.  A claim for the earnest money based on
Markovsky’s breach required a pleading separate and apart from pleadings
concerning Kirby Tower’s failure to complete or the defensive issues of mutual
mistake and waiver.  Howell, therefore, does not apply.[2]  

          Second, Kirby Tower also asserts that
“[i]t is undisputed that Markovsky terminated the contract claiming she had a
right to do so based upon Kirby’s breach.” 
Accepting these assertions as correct, it still does not relieve Kirby
Tower of the burden of pleading its cause of action.  See
Hartford Fire Ins. Co., 287 S.W.3d at 779; see also Cunningham, 660 S.W.2d at 813; Webb
v. Glenbrook Owners Ass’n, Inc., 298 S.W.3d 374, 380 (Tex. App.—Dallas
2009, no pet.)  (“A judgment that is not
supported by any pleading or tried by consent is void.”).     

          We
sustain Markovsky’s first issue.                                       

Conclusion

          We
reverse that portion of the trial court’s judgment that states Kirby Tower is
entitled to the $300,000.00 earnest money plus accrued interest and orders the
title company to release the earnest money to Kirby Tower.  We affirm the remainder of the judgment and
remand the cause to the trial court for further proceedings consistent with
this opinion.

 

 

 

                                                                   Rebeca
Huddle

                                                                   Justice


 

Panel consists of Chief
Justice Radack and Justices Bland and Huddle.

 

 

 











[1]           Markovsky testified that her husband
negotiated the contract.  However, he did
not sign the Agreement; only Markovsky did.





[2]           Furthermore, neither party pleaded these sections as the basis of a
breach.  Nor was the jury asked about
these sections.  These sections were not
discussed during opening statements or during the charge conference (and
closing arguments were not recorded). 
Because these sections were neither pleaded nor tried by consent, they
cannot form the basis of the trial court’s judgment.  See Hartford Fire Ins. Co., 287
S.W.3d at 779.