Forrest N. TROUTMAN, Appellant,

v.

INTERSTATE PROMOTIONAL PRINTING CO., Appellee.

No. 04–85–00180–CV.

Court of Appeals of Texas, San Antonio.

Aug. 29, 1986.

Rehearing Denied Oct. 3, 1986.

Malcolm Robinson, Austin, for appellant.

E.M. Schulze, Jr., Woodlands, for appellee.

Before CADENA, C.J., and BUTTS and DIAL, JJ.

OPINION

CADENA, Chief Justice.

Plaintiff, Forrest N. Troutman, appeals from a judgment awarding defendant, Interstate Promotional Printing Company, recovery on its counterclaim of $50,000.00, representing the unpaid balance on a promissory note given in payment for a conveyance of land by defendant and others to plaintiff's predecessors in title, plus prejudgment interest in the amount of $18,-138.50 and attorney's fee. The judgment also provided for post-judgment interest at the rate of 9% per year. The note was secured by a deed of trust on certain land in Brazos County.

The note was dated June 21, 1974, and was in the principal amount of $296,353.68, bearing interest at the rate of 8½% to date of maturity and at 10% from date of maturity until paid. On June 11, 1976, plaintiff filed suit against defendant in connection with the negotiations which led to the conveyance of the land. This suit was settled by a written agreement between plaintiff and defendant signed on April 18, 1977. This agreement provided for modification of the terms of payment of the note. According to the agreement, the note was to be paid as follows:

1. For the first three years plaintiff would make payments of interest only, with the first such payment being due on June 21, 1975, and similar interest payments being due on June 21, 1976, and June 21, 1977.

2. Payments of ⅓ of the principal amount, plus accrued interest, were to be made on June 21, 1978, June 21, 1979, and June 21, 1980.

The settlement agreement also provided that the note would be discounted $50,-000.00 on June 21, 1978, with such discount being applied against the accrued interest and the balance of the discount then being credited against the principal. Other provisions of the agreement are not relevant to the determination of this appeal.

Plaintiff paid the interest only payments due on the 21st day of June of the years 1977, 1978 and 1979. On June 21, 1980, plaintiff paid the interest which had then accrued and in August of that year he tendered to defendant the amount of $250,-251.28, which represented the face amount of the note ($296,353.68) less the $50,000.00 discount and the interest which had accrued until the date of such tender. Defendant refused to accept the tender, insisting that in June, 1978, the parties had orally modified the settlement agreement by agreeing that the payments of interest only would continue through June 21, 1979, and that the entire principal, plus accrued interest, would be payable on June 21, 1980. Defendant insisted that, in consideration of this deferment in the due date of

the principal, plaintiff agreed to forego the $50,000.00 discount provided for in the 1977 settlement agreement.

When defendant attempted to foreclose his deed of trust lien, plaintiff filed this suit seeking to enjoin such foreclosure and asking for a declaratory judgment interpreting the settlement agreement. When he instituted this action, plaintiff deposited the amount he had previously tendered to defendant into the registry of the court. Defendant filed its counterclaim which resulted in the judgment in its favor. The jury found that the parties had orally agreed, in June of 1978, that plaintiff would not claim the $50,000.00 provided for in the 1977 settlement agreement. Plaintiff does not challenge the sufficiency of the evidence to support this finding.

Plaintiff's sole complaint, embodied in four points of error, is that the trial court erred in rejecting his contention that the 1978 oral modification of the 1977 agreement is unenforceable under the statute of frauds. He argues that since the 1977 settlement agreement was not performable within a year from its date it was required to be in writing under TEX.BUS. & COM.CODE § 26.01(b)(6) (Vernon Supp. 1986) and could not be orally modified. While it is true, as a general rule, that parties to a written contract that is within the statute of frauds may not orally modify the terms of the written contract, there is a recognized exception which permits the parties to a written contract to enter into an oral agreement to extend the time of performance of a contract which is required to be in writing if the oral modification is made before the expiration of the written contract. As early as 1889 we find dictum to the effect that a parol agreement for mere extension of time is valid, *Bullis v. Noyes*, 75 Tex. 540, 12 S.W. 397 (1889), and our Supreme Court has adopted this rule. *Givens v. Dougherty*, 671 S.W.2d 877, 878 (Tex.1984); *Dracopoulas v. Rachal*, 411 S.W.2d 719, 721 (Tex.1967). In the case before us the oral agreement [did nothing more] than extend the time for payment of the principal of the note, and

the accompanying agreement concerning the discount was no more than consideration for such extension. The modification comes within the exception, since it was done while the 1977 agreement was still in force.

In any event, it would be manifestly unfair to allow plaintiff, after he has fully availed himself of the oral extension of time for performance by him, to repudiate his agreement which formed the only consideration for defendant's agreement to extend the time for payment.

Defendant presents two crosspoints, the first of which embodies the contention that the trial court erred in awarding pre-judgment interest of $18,138.50 when, under the terms of the note defendant was entitled to recover interest in the amount of $24,549.06. We agree.

The trial court ordered the money deposited by plaintiff ($250,251.28) to be paid to defendant on September 30, 1980. The amount of interest earned on $296,353.68 from June 21, 1980, the date on which the principal became payable, and September 3, 1980, at the rate of 10% per year amounts to $6,008.06. The interest earned on the unpaid balance of $50,000.00 from September 3, 1980, to February 28, 1985, the date judgment was signed, is $22,438.60. However, we must deduct from this total amount of interest ($28,446.66) the sum of $3,897.60, representing a credit for the sum disbursed to defendant on September 3, 1980, in excess of the $246,353.68 which was credited to principal. The result is that the correct amount of interest due on the note was $24,549.06, and not $18,138.50, the amount awarded by the court.

By its second crosspoint defendant contends that the trial court erred in permitting plaintiff to gain possession of the release of lien deposited with the court by defendant prior to the date of final judgment in the case. We reject this contention.

Prior to trial, in order to secure the amount deposited by plaintiff in the registry of the court, defendant deposited an executed release of its lien in court on condition that it be held by the court during the pendency of the suit. The court accepted the release and disbursed to defendant the $250,251.28 which had been deposited in the court registry by plaintiff. Plaintiff subsequently moved that the release be delivered to him because the only dispute between the parties concerned whether plaintiff owed defendant an additional $50,000.00 and plaintiff required possession of the release in order to sell the property. The trial court delivered possession of the release to plaintiff on January 6, 1982, some 44 months prior to the date of final judgment after plaintiff had delivered to the court a letter of credit in the amount of $75,000.00.

Such deposits are always subject to the control and order of the trial court. TEX.CIV.PRAC. & REM.CODE § 7.002(a) (Vernon 1986), and the court enjoys great latitude in dealing with them. *Manhattan Life Insurance Co. v. Stubbs*, 234 S.W. 1099, 1106 (Tex.Comm'n.App.1921, judg. adopted). The trial court did not abuse its discretion in allowing plaintiff to withdraw the release upon his deposit with the court of a letter of credit to secure the amount of money in dispute plus accrued interest. There is nothing to indicate that defendant was harmed in any way.

The judgment is reformed by awarding defendant the sum of $24,549.06 in pre-judgment interest, rather than $18,138.50. The judgment is further reformed to provide for post-judgment interest at the rate of 10% per year, as provided in TEX.REV. CIV.STAT.ANN. art. 5069–1.05, § 1 (Vernon Supp.1986).

As reformed, the judgment is affirmed.