753 P.2d 902

**Beulah EASTERLING, Plaintiff–Appellant,**

v.

**James A. PETERSON, as a General Partner for San Juan Associates, a Limited Partnership, Defendant–Appellee.**

**No. 17386.**

Supreme Court of New Mexico.

April 25, 1988.

Moeller and Burnham, F.D. Moeller, Farmington, for plaintiff-appellant.

Miller, Stratvert, Togerson & Schlenker, P.A., Seth H. Bingham, Gary L. Gordon, Albuquerque, for defendant-appellee.

**OPINION**

WALTERS, Justice.

Defendant Peterson, general partner for San Juan Associates, was granted a summary judgment on plaintiff Beulah Easterling's complaint and she appeals. We reverse.

Plaintiff sued in district court for breach of contract and damages allegedly suffered as a result of defendant's entry into premises subleased by plaintiff upon her failure to pay rent in a timely manner. It was developed through the pleadings and Easterling's deposition that she had assumed a lease from defendant's prior lessee, obliging herself to make monthly rental payments on the first of each month, and that, over a period of fifteen months, she was consistently late with her rental payments. Defendant would send a notice of default, adding late charges, and plaintiff consistently would pay the demanded sum plus late charges. In April 1985, when plaintiff was approximately three months late in rental payments, defendant reentered the premises and locked plaintiff out.

In her complaint, plaintiff alleged that she had lost income and the opportunity to resell her business as a result of the lockout, and in her deposition she testified that she had relied on the past conduct of the defendant to establish a waiver of the lease requirement for timely payments, default of which otherwise would allow reentry,

thus permitting her to continue to make late payments. The question presented, then, is whether the defendant's right to reenter and take possession upon plaintiff's failure to timely pay may be waived by a course of conduct engaged in by defendant, even though the lease provided that the lessor might do so if the lessee failed to make any payment when due and continued to be in default for more than five days after notice of default had been given. Apparently the trial court agreed with defendant that, under the terms of the lease agreement, there were no material facts concerning default, notice, and right to reentry and that, as a matter of law, defendant was entitled to judgment. It seems equally apparent that plaintiff's assertions of reliance upon the lessor's past conduct to create a waiver of the requirement of timely payments and of the right to re-enter, and her testimony of defendant's past conduct in that regard, were not considered to bear upon the merits of plaintiff's complaint.

We have held that waivers may be implied by a course of conduct which, in turn, will estop the one who waives from asserting the right waived. *Green v. General Accident Ins. Co. of Am.*, 106 N.M. 523, 746 P.2d 152 (1987); *Elephant Butte Resort Marina v. Wooldridge*, 102 N.M. 286, 694 P.2d 1351 (1985); *Young v. Seven Bar Flying Service, Inc.*, 101 N.M. 545, 685 P.2d 953 (1984); *Shaeffer v. Kelton*, 95 N.M. 182, 619 P.2d 1226 (1980).

Other courts have held that the non-waiver provisions of contracts may be waived by conduct. In *Fisher v. Tiffin*, 275 Or. 437, 551 P.2d 1061 (1976), the vendor of real estate consistently accepted late payments for four years. The court declared that he was obliged to give notice of his intention to insist on strict compliance with the contract requirements of timely payment to overcome his waiver by conduct of those provisions, in order to foreclose on his real estate contract. *See also Dillingham Commercial Co. v. Spears*, 641 P.2d 1 (Alaska 1982) (landlord's long acquiescence in tenant's late rent payments constituted waiver of right to claim default); *Gonsalves v. Gilbert*, 44 Haw. 543, 356

P.2d 379 (1960) (when lessor causes lessee to believe he will not require strict adherence to timely payment terms of the lease and lulls lessee into non-action, lessor is estopped from enforcing non-waiver forfeiture clause for lessee's default). Although there are cases to the contrary regarding waiver of lease provisions, *see e.g., Riverside Dev. Co. v. Ritchie*, 103 Idaho 515, 650 P.2d 657 (1982); *Cottonwood Plaza Assocs. v. Nordale*, 132 Ariz. 228, 644 P.2d 1314 (Ct.App.1982); *Stephens v. State*, 501 P.2d 759 (Alaska 1972), New Mexico has long adhered to an abhorrence for forfeiture of contracts. *Stamm v. Buchanan*, 55 N.M. 127, 227 P.2d 633 (1951).

■ The general rules are that acceptance of rent with knowledge of an existing breach constitutes a waiver of the right of forfeiture for such breach, and that if, by his words and conduct a landlord has led his tenant to believe that he would not enforce a right of forfeiture, he will be estopped to avail himself of a forfeiture. 3A G. Thompson, *Thompson on Real Property* § 1329, 594–97 (Repl.1981).

■ We hold that genuine issues of fact have been raised by the pleadings and deposition testimony concerning conduct of defendant which might establish waiver by relinquishment of a known right; concerning plaintiff's reliance on such past conduct; and concerning plaintiff's claim that defendant is estopped to assert the rights allegedly relinquished, thereby raising a genuine issue of defendant's breach of contract. When considering a motion for summary judgment, the trial court must extend to the party opposing the motion the benefit of all reasonable doubts with respect to determining the existence of material facts. *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972). In this respect we have previously held that the existence of waiver is a factual issue. *Albuquerque Nat'l Bank v. Albuquerque Ranch Estates, Inc.*, 99 N.M. 95, 654 P.2d 548 (1982).

The trial court's judgment is reversed and this matter is remanded for reinstatement on the court docket and for further proceedings thereon.

IT IS SO ORDERED.

SCARBOROUGH, C.J., and RANSOM, JJ., concur.