M.J.G. PROPERTIES, INC.[1] *vs.* DAVID P. HURLEY.

No. 88-P-1091.

Hampden. March 15, 1989. — April 27, 1989.

Present: DREBEN, KAPLAN, & FINE, JJ.

*Landlord and Tenant*, Waiver. *Waiver*.

The judge who heard a summary process action did not err in finding that
    a lessor had waived its right to terminate a lease, notwithstanding an
    antiwaiver provision therein, in circumstances where the lessor had
    knowledge of the lessee's breaches of the lease occurring in March and
    July, 1985, and May, 1986, yet had given no notice of termination until
    December, 1986, shortly after the lessee had exercised an option to
    extend the lease. [250-253]

SUMMARY PROCESS. Writ in the Palmer Division of the Dis-
trict Court Department dated February 9, 1987.

On appeal to the Superior Court Department the case was
heard by *George C. Keady, Jr.,* J.

The case was submitted on briefs.

*Donald W. Frank & Maxine Salvage Frank* for the plaintiff.

*Richard B. Johnson* for the defendant.

DREBEN, J. The question before us in this plaintiff-lessor's
appeal in a summary process action is whether the judge was
warranted in finding a waiver by the lessor despite an antiwaiver
clause in the lease. We hold that the clause did not, as matter
of law, preclude a finding of waiver and, on the record before
us,[2] the judge's finding of waiver is not clearly erroneous.

─────────────

[1] The record does not explain why the name of the plaintiff has changed
on appeal. In the Superior Court the named landlord was Catherine P. Gula,
administratrix of the estate of Milton Gula; from the testimony it appears
that she and her sons were the lessor. We, as did the trial judge, refer to
Mrs. Gula as the lessor.

[2] Only a portion of the transcript is contained in the record on appeal.
Neither the pleadings nor all the exhibits are before us.

Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). Accordingly, we affirm the judgment.

The relevant lease provisions are set forth in the margin.[3] Although the judge found that the lessee violated the liquor laws on March 23, 1985, July 11, 1985, and May 25, 1986, and that any one of the incidents would have given the lessor the right to terminate the lease, he found that the lessor had waived her right. With sufficient knowledge of the violations, she did not give notice of termination until December 22, 1986, seven months after the latest violation, and shortly after the lessee had exercised his option to extend the lease.

The record, such as there is, see note 2, *supra*, shows no error in the finding of waiver. The plaintiff testified that although she was aware of the two 1985 violations and of the May, 1986, violation and had discussed them with her sons, she never mentioned them to the lessee and continued to take his rent checks as before. She also brought two small claims actions against the lessee on grounds other than these violations — in one case "for water" and the other to increase the rent.

By reason of the clause set forth in the second paragraph of note 3, *supra*, which allows the lessor to exercise her rights "at any time" notwithstanding any waiver, the lessor claims that the finding of waiver is not warranted.

Based "in large part on the policies against forfeiture and unjust enrichment," see Restatement (Second) of Contracts

---

[3] "The Lessee covenants and agrees that it will use and occupy the demised premises solely for purposes consistent with applicable zoning ordinances and all governmental rules and regulations pertinent thereto for the sale of groceries, liquor and wine and malt beverages and related items and for no other purposes without the written consent of the Lessor. . . .

"PROVIDED ALSO, and these presents are upon this condition, that if the Lessee shall neglect or fail to perform or observe any of the covenants contained in these presents, and on its part to be performed and observed, . . . then, and in any of the said cases (*notwithstanding any license of any former breach* of covenant *or waiver* of the benefit hereof or consent in a former instance), the *Lessor lawfully may, immediately or at any time thereafter, and without demand or notice, enter into and upon the said premises* or any part thereof in the name of the whole, and repossess the same as of his former estate, . . . and upon entry as aforesaid this Lease shall determine . . . " (emphasis supplied).

§ 84 comment a (1979), and cases such as *Weinreb* v. *Clarke*, 361 Mass. 883 (1972), there is substantial authority against giving literal and full effect to such clauses;[4] they, too, may be waived.

Although the parties have cited no Massachusetts authority directly on point, we think the proper approach, and one which is in accord with our cases, is to look at the question of waiver as a question of fact in light of all the circumstances, including the existence of the antiwaiver clause. In *Mastrullo* v. *Ryan*, 328 Mass. 621, 623 (1952), a receipt was given for rent in which the lessor stated that the rent was accepted "without waiving any rights under the written notice to vacate the premises and suit for possession." The court held that "[w]hile the plaintiffs by their language sought to prevent a waiver, we think that it should not have been ruled as matter of law that

---

[4] The authorities are divided. Most involve late payment of rent. The following exemplify the view that a waiver may be found notwithstanding an antiwaiver provision in a lease or other contract relating to land: *Dillingham Commercial Co.* v. *Spears*, 641 P.2d 1, 7-8 (Alaska 1982); *Entrepreneur, Ltd.* v. *Yasuna*, 498 A.2d 1151, 1163-1164 (D.C. 1985); *Protean Investors, Inc.* v. *Travel, Etc., Inc.*, 499 So. 2d 49, 50 (Fla. Dist. Ct. App. 1986) (but see also *Philpot* v. *Bouchelle*, 411 So. 2d 1341, 1344 [Fla. Dist. Ct. App. 1982]); *Famous Permanent Wave Shops, Inc.* v. *Smith*, 302 Ill. App. 178, 184, 188 (1939); *Summa Corp.* v. *Richardson*, 93 Nev. 228, 235 (1977); *Easterling* v. *Peterson*, 107 N.M. 123 (1988) (opinion appears to assume lease contains antiwaiver clause); *Soltis* v. *Liles*, 275 Or. 537, 543 (1976) (land purchase). See also *Gonsalves* v. *Gilbert*, 44 Haw. 543, 552 (1960). See generally 3A Corbin, Contracts § 763 (1960). For a different view see 2 Friedman, Leases §§ 16.502, 16.503 (2d ed. 1983).

Some cases give significant weight to the nonwaiver clause, but do not necessarily rule out a finding of waiver. E.g., *Riverside Dev. Co.* v. *Ritchie*, 103 Idaho 515, 522 (1982). Connecticut and New York may fall in this category, although the reliance on the nonwaiver clause appears very strong in those States. See *S.H.V.C., Inc.* v. *Roy*, 188 Conn. 503, 508 (1982), but see dissent of Peters, J. (joined by Speziale, C.J.), at 512, advocating a remand for a hearing in which "the contract's nonwaiver clause would be relevant but not dispositive"; *Jefpaul Garage Corp.* v. *Presbyterian Hosp.*, 61 N.Y. 2d 442, 446 (1984) (but see 448, where waiver is said to be a question of fact).

There is also authority tending to uphold an antiwaiver provision as to rent as matter of law. E.g., *Giller Indus., Inc.* v. *Hartley*, 644 S.W. 2d 183, 184 (Tex. Ct. App. 1982). See also Restatement (Second) of Property § 12.1 comment c and illustration 4 (1976).

they had done so merely by giving the receipt given here. . . . It could not be ruled that they were not trying to pursue inconsistent remedies. In the circumstances whether there was a waiver was a question of fact." *Id.* at 624. See also *Corcoran Management Co.* v. *Withers*, 24 Mass. App. Ct. 736, 742-745 (1987), where many of the Massachusetts waiver cases are collected. In *Corcoran*, an antiwaiver clause was one of the circumstances which led to a finding by the trial judge (upheld on appeal) that the landlord had not waived its right to possession. The question of waiver was considered to be one of fact. See *id.* at 745-746.

On the record before us, the trial judge was presented with the following evidence: two breaches occurring in 1985 had been ignored by the lessor, and no mention of them had been made[5] to the lessee; nothing was said about a third breach for seven months, after which time the lessor attempted to terminate the lease; in the meantime two actions in small claims court were brought against the lessee on other grounds (one for increased rent); rent was accepted without reservation throughout the period prior to notice of termination; notice of termination came only after the lessee had exercised the option to extend. On this evidence, considering the antiwaiver clause as relevant but not dispositive, we cannot say, especially in view of the incomplete record before us, see note 2, *supra*, that the judge erred in finding a waiver by the lessor.[6] See *Mastrullo* v. *Ryan*, 328 Mass. at 624. See also *Roseman* v. *Day*, 345 Mass. 93, 99 (1962) where upon similar facts, but without an antiwaiver clause, a waiver was found.

*Judgment affirmed.*

---

[5] There was testimony that one of Mrs. Gula's sons had referred to one violation in an off-hand way unconnected with the lease.

[6] Because of our conclusion that the judge's findings were not clearly erroneous on this record, we need not decide the effect of the antiwaiver clause in other circumstances. We do not consider such questions as whether after a number of uncomplained-of violations of the lease the lessor must notify the tenant that strict compliance with the lease provisions will be expected in the future, or whether, without such notice, the lessor may effect a termination by acting within a reasonable time after a subsequent violation.