**Rosie ZWICK, Individually and d/b/a Post Oak Executive Suites, Appellant,**

v.

**LODEWIJK CORPORATION, Appellee.**

No. 6–92–088–CV.

Court of Appeals of Texas,
Texarkana.

Jan. 12, 1993.

Rehearing Denied Feb. 9, 1993.

William F. Harmeyer, Houston, for appellant.

Joseph O. Slovacek, Hoover, Bax & Shearer, Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

BLEIL, Justice.

Rosie Zwick appeals the trial court's judgment in favor of the Lodewijk Corporation and Henry S. Miller Company. The primary issue is whether the clause in the lease between the parties providing that failure of the lessor to act on any default does not waive the default is effective as a matter of law to preclude any waiver of a default by the lessor. We conclude that the nonwaiver of default provision is not so effective as a matter of law. We also conclude that the statute of frauds and the lease provision do not preclude a claim of oral modification. We reverse the trial court's judgment and remand the case for trial.

In 1982, Zwick leased most of a floor in a Houston office building owned by the Lodewijk Corporation and managed by the

Miller Company. Zwick used the building space for a business called Post Oak Executive Suites. She subleased office space in the building and provided support services. Zwick fell behind on her rental payments during the mid–1980's and, in 1987, renegotiated her lease.

Due to the nature of Zwick's business, she routinely collected rent from her subtenants around the first of the month and remitted the rent to the Miller Company sometime later in the month. Zwick maintained that the Miller Company's express and implied representations along with its long-standing course of conduct led her to believe that her rent was not considered late if it was paid within the month it was due.

Zwick was current in her lease payments as of March 1989. In April 1989, Zwick began collecting rent from her subtenants as usual. On April 14, 1989, the Miller Company served Zwick with notice that her lease was terminated for failure to timely pay the April rent and ordered her to vacate the premises within three days.[1] Zwick was evicted within thirty days of the Miller Company's notice, and her business collapsed.

After the eviction, Lodewijk sued Zwick for breach of the lease, monies owing and attorney's fees. Zwick asserted counterclaims against Lodewijk and filed a third-party action against the Miller Company. Shortly before trial, the court granted a partial summary judgment in favor of the Miller Company.

At trial, the court concluded as a matter of law that the statute of frauds and certain clauses in the lease agreement precluded Zwick from asserting modification, waiver or estoppel. Without any defense or counterclaim allowed, the trial court rendered judgment against Zwick and for Lodewijk.

The relevant lease clauses are these:
Non–Waiver

12. Failure of Lessor to declare any default upon occurrence thereof, or delay in taking any action in connection therewith, shall not waive such default, but Lessor shall have the right to declare any such default at any time and take such action as might be lawful or authorized hereunder, either in law or in equity.

. . . .

Entire Agreement and Binding Effect

24. This instrument and any attached addenda or exhibits by the parties constitute the entire agreement between the Owner and Lessee; no prior written or prior or contemporaneous oral promises of representations shall be binding. This lease shall not be amended, changed, or extended except by written instrument signed by both parties herein. . . .

As can be seen, the contractual nonwaiver clause provides that Lodewijk's failure or delay in taking action concerning any default does not waive the default. Lodewijk argues that the clause allows it to claim that Zwick defaulted on the lease by not paying rent on the first of April, regardless of whether it waived timely payments in the past. Lodewijk relies on *Giller Indus., Inc. v. Hartley*, 644 S.W.2d 183, 184 (Tex. App.—Dallas 1982, no writ). In *Giller*, the court held as a matter of law that a nonwaiver clause allowed a landlord to declare a lease in default for failure to timely pay rent, even though it had accepted late rent for the preceding six months.[2] *Id.* at 184.

---

1. Zwick's explanation for the Miller Company's actions is that Lodewijk's primary tenant, Telecheck, had made known its desire to expand a few months before her eviction. Telecheck informed Miller that it was ready to proceed with the expansion on April 14, 1989, prior to the Miller Company giving the eviction notice to Zwick. After Zwick's eviction, Telecheck proceeded with its expansion into Zwick's former lease space.

2. The nonwaiver clause in *Giller* was not identical to the one here. *Giller Indus., Inc. v. Hartley*, 644 S.W.2d 183, 184 (Tex.App.—Dallas 1982, no writ). The clause in *Giller* stated: "No waiver by the parties hereto of any default or breach of any term, condition or covenant of this lease shall be deemed to be a waiver of any subsequent default or breach of the same or any other term, condition, or covenant contained herein." *Id.* The clause here is broader than

Another panel of the Dallas Court of Appeals, however, reversed a summary judgment based in part on a nonwaiver clause and remanded the case for consideration of affirmative defenses, including waiver; the court did not mention *Giller.* *Regent Int'l Hotels, Ltd. v. Las Colinas Hotels Corp.,* 704 S.W.2d 101, 104 (Tex. App.—Dallas 1985, no writ). The reasoning in *Las Colinas* appears similar to Corbin's view of nonwaiver clauses. Corbin states that:

> [A] provision that an express condition of a promise or promises in the contract can not be eliminated by waiver, or by conduct constituting an estoppel, is wholly ineffective. The promisor still has the power to waive the condition, or by his conduct to estop himself from insisting upon it, to the same extent that he would have had this power if there had been no such provision.

3A ARTHUR L. CORBIN, CORBIN ON CONTRACTS § 763 (1960). In other words, while a nonwaiver provision may be some evidence of nonwaiver, it may itself be waived like any other contractual provision. Numerous jurisdictions have followed this rule.[3] We believe this to be the appropriate rule.

■ We conclude that Lodewijk was not entitled to judgment as a matter of law on its causes of action or on Zwick's counterclaims. Zwick claims that Lodewijk accepted her rental payments during the month in which each was due for a number of years, that it was aware that her manner of payment resulted from the nature of her business, and that its agents expressly approved of her manner of payment. Furthermore, Zwick maintains that Lodewijk's decision to declare the lease in default had more to do with its desire to re-lease her space to another tenant than with any action of hers. The trial court erred in holding that—no matter what the facts may be—Lodewijk could not waive its right to receive rental payments on the first of each month.

The trial court also concluded that the statute of frauds and its contractual equivalent in the lease barred any defense or counterclaim based on oral modification of the lease. The lease required a written, signed instrument to amend, change or extend the lease. At common law, a promise

---

that in *Giller* and capable of different interpretations.

**3.** *See, e.g., United Services Auto Ass'n v. Royal–Globe Ins. Co.,* 511 F.2d 1094, 1096 n. 1 (10th Cir.1975) (under Oklahoma law, nonwaiver provision in rental car insurance contract was ineffective); *Dillingham Commercial Co. v. Spears,* 641 P.2d 1, 7–8 (Alaska 1982) (landlord's long acquiescence constituted waiver of right to claim breach of lease for late rental payments despite nonwaiver clause in lease); *Entrepreneur, Ltd. v. Yasuna,* 498 A.2d 1151, 1163 (D.C. 1985) (nonwaiver clause had no effect on determination of whether landlord was estopped from asserting breach); *Protean Investors, Inc. v. Travel, Etc., Inc.,* 499 So.2d 49, 50 (Fla.Dist.Ct. App.1986) (notwithstanding antiwaiver provision in lease, landlord was estopped to assert breach by late payment of rent where it had previously accepted all rental payments without protest and never previously notified the tenant it was in breach); *M.J.G. Properties, Inc. v. Hurley,* 27 Mass.App. 250, 537 N.E.2d 165, 166–67 n. 4 (1989) (landlord waived breach by subsequently accepting rental payments; nonwaiver clause merely a circumstance to be considered with other circumstances in determining waiver); *Fritts v. Cloud Oak Flooring Co.,* 478 S.W.2d 8, 13–14 (Mo.Ct.App.1972) (despite nonwaiver clause, landlord waived right to evict tenant for late payment of rent after accepting ten prior late payments); *Summa Corp. v. Richardson,* 93 Nev. 228, 564 P.2d 181, 184–85 (1977) (nonwaiver clause in lease will not necessarily foreclose waiver defense); *Easterling v. Peterson,* 107 N.M. 123, 753 P.2d 902, 903 (1988) (despite nonwaiver clause in lease, fact issues as to defense of waiver existed so as to preclude summary judgment); *Soltis v. Liles,* 275 Or. 537, 551 P.2d 1297, 1300 (1976) (nonwaiver clause in real estate contract was ineffective); *but see In re Wil–Low Cafeterias, Inc.,* 95 F.2d 306, 309 (2nd Cir.1938) (nonwaiver clause rebuts evidence of waiver); *King v. Petroleum Serv. Corp.,* 536 P.2d 116, 119 (Alaska 1975) (no waiver of breach where lease provides that acceptance of late rents is not waiver of rights); *Cottonwood Plaza Assoc. v. Nordale,* 132 Ariz. 228, 644 P.2d 1314, 1318–19 (Ct.App.1982) (no waiver of breach where lease provides that acceptance of late rents is not waiver of rights); *S.H.V.C., Inc. v. Roy,* 188 Conn. 503, 450 A.2d 351, 353 (1982) (landlord's reliance on nonwaiver clause counterbalanced tenant's reliance on landlord's forbearance); *Philpot v. Bouchelle,* 411 So.2d 1341, 1344–45 (Fla.Dist.Ct.App.1982) (no waiver of breach where lease provides that acceptance of late rents is not waiver of rights and payments were accepted under protest).

or agreement relating to a lease of real property was not enforceable unless it was in writing. This common law doctrine is codified in Texas as TEX.BUS. & COM.CODE ANN. § 26.01 (Vernon 1987).

A contract governed by the statute of frauds may only be orally modified in limited circumstances, such as extending time for performance. *Givens v. Dougherty,* 671 S.W.2d 877, 878 (Tex.1984). The parties to a contract that is required to be in writing may orally agree to extend the time for performance, including payment, under the contract if the modification is made before the expiration of the contract. *See Troutman v. Interstate Promotional Printing Co.,* 717 S.W.2d 428, 429 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.). Here, Zwick asserts that she and the Miller Company, on behalf of Lodewijk, orally modified the lease to allow her to make timely payments any time during the month in which they were due. Such a modification would merely extend the time for Zwick's performance of making the lease payments. Thus, the statute of frauds does not bar such a modification.

Zwick also contends that there were unresolved issues of material fact precluding partial summary judgment in favor of the Miller Company. On appeal from a summary judgment (1) the summary judgment movant has the burden of showing that there is no genuine issue of material fact and it is entitled to judgment as a matter of law, (2) evidence favoring the nonmovant will be taken as true, and (3) every reasonable inference must be indulged in favor of the nonmovant. *Nixon v. Mr. Property Management,* 690 S.W.2d 546 (Tex.1985).

The Miller Company's motion for partial summary judgment was based on its contention that the Grub & Ellis Company, not the Miller Company, was the man-

aging agent of Lodewijk's building. Zwick presented summary judgment evidence to the contrary.[4] Zwick's evidence raises fact issues as to whether the Miller Company was an agent of Lodewijk and, if it was not, whether it might be liable to Zwick in its own right.

Taking the evidence favoring Zwick as true, and indulging every reasonable inference in her favor, the Miller Company failed to meet its burden of showing that there is no genuine issue of material fact or that it is entitled to judgment as a matter of law.

The judgment in favor of Lodewijk and the Miller Company is reversed, and the case is remanded to the trial court for a trial.

---

4. The Miller Company's motion for summary judgment was untimely. Zwick did not have time to file a response to the Miller Company's motion, but her response to the Miller Company's motion for leave to file an untimely motion for summary judgment adequately addresses the Miller Company's motion and was accompanied

by competent summary judgment proof. In the interest of justice, Zwick's response to the Miller Company's motion for leave can be treated as a misnamed response to the Miller Company's motion for partial summary judgment. TEX. R.CIV.P. 71.