**John F. WINSLOW, et al., Appellants,**

v.

**DILLARD DEPARTMENT STORES, INC., et al., Appellees.**

No. 6-92-090-CV.

Court of Appeals of Texas, Texarkana.

March 3, 1993.

Rehearing Denied March 23, 1993.

Stephen P. Dillon, Houston, for appellants.

David A. Zdunkewicz, Houston, for appellees.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

BLEIL, Justice.

John F. Winslow, Trustee of the Jane S. Winslow and Frank J. Winslow Trusts, sued Dillard Department Stores, Inc., seeking a judgment declaring that a lease between the parties had expired.[1] After suit

**1.** The remainder of the issues are discussed in an unpublished supplemental portion of this opinion.

was filed, Frank J. Winslow died, and the trust property was distributed to John F. Winslow and Jane W. Brandon, the successor lessors and parties in this suit. The trial court denied all relief sought by Winslow and declared that the 1963 lease had been properly extended until April 1993. On appeal, we must decide whether a lease provision, that Lessor's failure to declare a default does not waive the default, operates to prevent Lessor's waiver of a default. We conclude, as did the trial court, that the nonwaiver of default clause was not effective to foreclose the possibility that Lessor might waive a default. We also resolve all other issues in favor of Dillard's and affirm the trial court's judgment.

The facts relevant to this question can be taken from the trial court's findings of fact, which are not challenged as being supported by insufficient evidence. In May 1963, Frank J. Winslow and Jane S. Winslow leased land and a retail building to Joske Brothers Company. Although John F. Winslow brought this action as trustee for Jane S. Winslow and Frank J. Winslow, by the time the trial was concluded, John F. Winslow and Jane W. Brandon were the successors to the original lessors and are hereafter referred to in the singular as "Lessor." Dillard Department Stores, Inc. is the successor to the original lessee and is hereafter referred to as "Lessee." The lease was for a primary term of twenty years and provided seven successive options to renew. The lease provides that any renewal notice is to be accompanied by the written consent of the guarantor of the primary term. Joske's guarantor for the original term was Allied Stores Corporation.

The lease provides that, if the guarantor of the primary term files a petition in bankruptcy, the Lessor can terminate the lease. The critical provision states that the Lessor's failure to immediately declare any default or to delay in taking any action in connection with any default or delay does not waive the default. Specifically, the lease provides that:

Failure of Lessor to declare any default immediately upon occurrence thereof or delay in taking any action in connection

therewith shall not waive such default, but Lessor shall have the right to declare any such default at any time and take such action as may be lawful or authorized hereunder, either at law or in equity.

Before the end of the primary term and in 1982, Joske's, as lessee, notified Lessor that it was exercising the first renewal option; the letter was not accompanied by the consent of Allied Stores Corporation.

The first renewal term of ten years began May 1, 1983. Lessor accepted all rental payments from Lessee through March 30, 1988. Before that time, Lessor had made no objection and had not advised Lessee that it considered the lease to be terminated, nor did it ask Lessee to vacate the property. All parties treated the lease as being in effect.

On March 30, 1988, an attorney representing Lessor informed Lessee that Lessee had no authority or permission to use or occupy the leased premises and allowed Lessee until May 1, 1988, to vacate. On May 27, 1988, Lessor's attorney sent another letter to Lessee, informing it that, because the written consent to the first renewal by the guarantor of the lease was not provided as required by the lease, the renewal option was not properly exercised and therefore the lease had not been renewed. In October 1988, Allied Stores Corporation, the lease guarantor, properly consented to the 1983 renewal option. The trial court found that the Lessor both waived and is estopped from asserting any 1982 failure to properly renew the lease.

The lease provides that Lessor's failure to immediately declare a default, or delay in declaring a default, does not operate to waive the default. The significant question is whether this nonwaiver provision precludes any waiver of a default by Lessor. We recently considered a similar question and held that language in a similar lease provision did not operate to preclude a lessor's waiver of a nonwaiver provision. *Zwick v. Lodewijk Corp.*, 847 S.W.2d 316 (Tex.App.–Texarkana 1993,

n.w.h.). We relied on a decision which held that a nonwaiver clause did not preclude consideration of affirmative defenses such as waiver. *Regent Int'l Hotels, Ltd. v. Las Colinas Hotels Corp.*, 704 S.W.2d 101, 104 (Tex.App.–Dallas 1985, no writ). The reasoning in that decision and in ours is similar to a view of nonwaiver clauses found in Corbin's treatise on contracts. Corbin states that:

[A] provision that an express condition of a promise or promises in the contract can not be eliminated by waiver, or by conduct constituting an estoppel, is wholly ineffective. The promisor still has the power to waive the condition, or by his conduct to estop himself from insisting upon it, to the same extent that he would have had this power if there had been no such provision.

3A ARTHUR L. CORBIN, CORBIN ON CONTRACTS § 763 (1960). Essentially, our view is that, while a nonwaiver provision may be some evidence of a party's nonwaiver, that provision, like any other contractual provision, may be waived. Numerous other jurisdictions have followed this rule.[2] Thus, the trial court had authority to find that Lessor had waived, or by conduct was estopped from asserting, the nonwaiver provision in the lease. The trial court's findings in this regard, not challenged as lacking evidentiary support, are proper under the law.

The judgment of the trial court is affirmed.

---

2. *See Zwick v. Lodewijk Corp.*, 847 S.W.2d at 318, n. 3 (Tex.App.–Texarkana 1993, n.w.h.).