**Robert D. STRAUS, Jr., Appellant,**

v.

**KIRBY COURT CORPORATION,**
**Appellee.**

No. 14–94–00430–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 31, 1995.

Rehearing Overruled Oct. 19, 1995.

J. Murphey Harmon, Kathleen Hopkins Alsina, Houston, for appellant.

Terry M. Womac, Gene F. Creely, II, Lydia S. Zinkhan, Houston, for appellee.

Before MURPHY, C.J., and ANDERSON and HUDSON, JJ.

## OPINION

HUDSON, Justice.

Appellant, Robert D. Straus ("Straus") sued his landlord, Kirby Court Corporation ("Kirby Court") for wrongful eviction and intentional infliction of emotional distress. Kirby Court brought a third-party action against U.S. Movers, Inc. Straus appeals from a directed verdict in favor of Kirby Court and U.S. Movers. We affirm the judgment of the trial court.

▆▆ In reviewing the propriety of a directed verdict, an appellate court views the evidence in the light most favorable to the party against whom the verdict has been directed and disregards all evidence to the contrary. *Qantel Business Systems, Inc. v. Custom Controls Co.*, 761 S.W.2d 302, 303 (Tex.1988). After reviewing the evidence in this light, we must determine whether any evidence of probative value exists that raises fact questions on the material issues presented at trial. *Henderson v. Travelers Ins. Co.*, 544 S.W.2d 649, 650 (Tex.1976); *Stinger v. Stewart & Stevenson Services, Inc.* 830 S.W.2d 715, 718 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

Viewed in the light most favorable to Straus, the record demonstrates that in 1971, Straus rented an apartment from Kirby Court. Beginning in 1972, Straus occupied the apartment on a month-to-month basis. Straus was frequently late in paying his rent, and he had a longstanding dispute with Kirby Court regarding its alleged failure to make various repairs. Late in 1988, Kirby Court prepared a new lease. The new lease was presented to Straus in November of 1988, but he refused to sign it. On December 10, 1988, Kirby Court sent a letter to Straus requesting he relinquish possession of the premises. Straus did not relinquish possession of the apartment, but he did execute the new lease in February of 1989.

Straus continued to make late rent payments. Six months into the new lease, Straus again failed to pay his rent on the first of the month as required per the lease agreement. On August 16, a notice to vacate was posted on Straus's door ordering him to vacate the premises within three days. Although Straus testified that he did not see this notice, he does not dispute its posting. On August 18, Straus confronted the property's manager, Lynn Lippincott, concerning repairs that still needed attention, and Straus wrote a check on this date for both the August and September rent. At the end of this meeting Lippincott told Straus to contact her attorney. Straus testified that he called the attorney before leaving town on an extended business trip, but he denied that he was made aware that eviction proceedings would be continuing against him. When Straus returned to his apartment in October, he found the locks changed and a notice stating his belongings had been removed by U.S. Movers and placed in storage.

It is undisputed that Straus was often delinquent in the payment of his rent. He contends, however, that Kirby Court's established practice of accepting such payments prevents it from terminating the lease. Kirby Court responds by noting the lease contained the following nonwaiver clause:

> After owner gives notice to vacate or after owner files eviction suit, owner may still accept rent or other sums due; and such notice, filing, or acceptance shall not waive or diminish owner's right of eviction or another contractual or statutory right. Acceptance of monies at any time will not waive owner's right of property damages, past or future rent, or other sums due.

In his first four points of error, Straus contends 1) Kirby Court waived its right to terminate the lease by accepting both future and past due rental payments, 2) the "nonwaiver" clause in the lease agreement was itself waived by Kirby Court's acceptance of future and past due rental payments, and 3) the trial court erred in directing a verdict in favor of Kirby Court because he presented sufficient probative evidence to raise a fact question on the issue of waiver.

We first examine whether a nonwaiver clause may be waived and, if so, whether a fact issue was raised by the evidence in this case regarding such a waiver. The Sixth

Court of Appeals in Texarkana has held that a nonwaiver provision may be waived. *See Winslow v. Dillard Dep't Stores, Inc.,* 849 S.W.2d 862, 863–64 (Tex.App.—Texarkana 1993, writ denied); *Zwick v. Lodewijk Corp.,* 847 S.W.2d 316, 318 (Tex.App.—Texarkana 1993, no writ). In *Zwick* a tenant sublet a portion of the office space she leased from a management company. She routinely collected rent from her sublessees "around the first of the month and remitted the rent to the [lessor] sometime later in the month." *Zwick,* 847 S.W.2d at 317. On April 14, 1989, the management company had not received its rent from Zwick and served her with notice her lease had been terminated for failure to timely pay her April rent. Zwick was evicted within thirty days. The court of appeals found the trial court erred in granting a partial summary judgment for the management company based on the trial court's finding that a nonwaiver clause could never be waived. *Id.* at 318. The court adopted Corbin's view that a promisor may retain the power to waive a condition, or estop himself from enforcing the condition. *See id,* at 318 (citing 3A ARTHUR L. CORBIN, CORBIN ON CONTRACTS § 763 (1960)); *see also Regent Int'l Hotels, Inc. v. Las Colinas Hotels Corp.,* 704 S.W.2d 101, 104 (Tex.App.—Dallas 1985, no writ).

In a case decided soon after *Zwick,* the Texarkana court reconfirmed its holding that a nonwaiver clause can be waived in certain circumstances. *Winslow v. Dillard Dep't Stores, Inc.,* 849 S.W.2d 862 (Tex. App.—Texarkana 1993, writ denied). We agree with the Texarkana court that a nonwaiver clause may, in some circumstances, be waived. We are also persuaded, however, that a lessor does not repudiate the terms of his lease by occasionally accepting late rental payment. The question of whether a landlord has waived a nonwaiver clause must be made on a case-by-case basis.

Waiver connotes an intentional relinquishment of a known right. *The Praetorians v. Strickland,* 66 S.W.2d 686, 689 (Tex. Comm'n App.1933, judgment adopted); *see also Lang v. Lee,* 777 S.W.2d 158, 164 (Tex. App.—Dallas 1989, no writ). Waiver must be clearly proven, and the proof must amount to more than a scintilla of evidence, surmise, or suspicion. *Lang,* 777 S.W.2d at 165. Although waiver is generally a question of fact, it may become a question of law where the facts and circumstances are admitted or clearly established. *Id.* at 164. If the record reflects conflicting evidence on the question of waiver, the resolution of the conflict must be made by the jury. *White v. Southwestern Bell,* 651 S.W.2d 260, 262 (Tex. 1983).

The concept of estoppel differs from waiver in several respects. One difference is that estoppel contains the element of detrimental reliance. *See Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 489 (Tex. 1991) (setting out elements of estoppel); *see also Ferrantello v. Paymaster Feed Mills,* 336 S.W.2d 644, 647 (Tex.Civ.App.—Dallas 1960, writ ref'd n.r.e.) (distinguishing estoppel from waiver because waiver includes element of a party's intent). Straus never testified that he relied on Kirby Court's acceptance of late rent on prior occasions as a basis for his late payment in August 1989. He testified that he knew his rent was due on the first of the month, and the only justification for his lack of payment was his failure to have that obligation "foremost" on his mind. Appellant offered no evidence to support a finding that Kirby Court was estopped by its former conduct.

We next turn to the question of whether Straus presented sufficient evidence of waiver. Despite appellant's failure to identify pertinent portions of the record supporting his argument, we have reviewed the record and found no conflicting evidence on the waiver issue. *See* TEX.R.APP.P. 74(f). Much of the evidence Straus presented at trial consisted of testimony regarding his frustration with lack of repairs on the premises and his resulting conflicts with management. His argument on appeal, however, is based on Kirby Court's alleged waiver of default provisions of the lease stemming from 1) its acceptance of the August and September rent payments on August 18, and 2) its acceptance of late payments in years prior to the 1989 lease.

■ We find the addition of the nonwaiver clause in the 1989 lease, coupled with Kirby Court's insistence that Straus sign a new lease, effectively renunciated any waiver arising from course and practice in years prior to 1989. The nonwaiver clause had been effective only six months when Kirby Court initiated eviction proceedings. Inclusion of the nonwaiver clause in the new lease is persuasive evidence Kirby Court had no intention of waiving its right to terminate the lease by accepting late rent. Straus failed to present controverting evidence to raise a fact issue regarding the existence or nonexistence of waiver.

Straus testified he knew his rent was due on the first of every month. Lynn Lippincott testified that between February 1989 and August 1989, Straus "was late just about every month." Lippincott further stated that Straus had never been more than a week late on his rent under the new lease until August. After two weeks had passed without any rent check, Lippincott went to the constable's office and obtained a notice to vacate.

In *Zwick*, the tenant maintained the management company had made express and implied representations to her that led her to believe rent was not considered late if it was paid within the month it was due. *Zwick*, 847 S.W.2d at 317. Because of the time needed to collect the rents from her sublessees, the tenant was precluded from paying rent on the first of the month. The court of appeals found a material fact question had been raised and reversed the partial summary judgment. In contrast, Straus never testified he had an implied or express agreement with Kirby Court permitting him to remit his rent after the first day of each month. Straus admitted he was in town on July 31st, and that paying his August rent simply was not "foremost" on his mind.

■ We find a landlord's past indulgence in accepting rent a few days late does not, standing alone, establish waiver of a nonwaiver clause in a lease. Waiver is an *intentional* relinquishment of a known right. Straus's evidence failed to raise or establish Kirby Court intended to waive the nonwaiver clause. Since Straus presented his entire case to the jury before the entry of the directed verdict, we have the benefit of reviewing the complete development of his evidence. Straus failed to reveal any conflicting fact questions requiring resolution by a jury. Kirby Court was entitled to accept both the August and September rent payments under the lease provisions without waiving its right to deem the late payment of rent a default. The trial court did not err in directing a verdict in favor of Kirby Court. Points of error one through four are overruled.

■ Straus contends in his fifth point of error that the trial court erred in directing a verdict because material fact questions were raised regarding his claim of intentional infliction of emotional distress. To recover on such a claim, Straus had to offer proof of extreme and outrageous conduct by appellees. *See Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex.1993) (adopting elements of tort as set out in RESTATEMENT (SECOND) OF TORTS). Extreme and outrageous conduct is found only where the conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency. A civilized community must regard the conduct as atrocious and utterly intolerable. *Id.* at 621–22. Whether a defendant's conduct rises to this level is a question of law. *Wornick Co. v. Casas*, 856 S.W.2d 732, 734 (Tex.1993). The disposition of this point is controlled by our conclusion that Kirby Court was authorized to terminate the lease as a matter of law. Because Straus failed to present more than a scintilla of evidence to show Kirby Court waived the nonwaiver clause, we find he presented no conflicting evidence requiring the jury's assessment of his tort claim. An eviction is an unpleasant legal proceeding for both landlord and tenant, but generally, action taken pursuant to a lease contract does not rise to the level of outrageous conduct necessary to satisfy this element of intentional infliction of emotional distress. RESTATEMENT (SECOND) OF TORTS § 46 cmt. g (1965). Point of error five is overruled.

Point of error six asserts Straus raised sufficient evidence as to damages of his property and that the trial court erred in directing a verdict. Having found Kirby Court

was entitled under the lease agreement to evict Straus for late payment of rent, we need not address the question of damages.

The judgment of the trial court is affirmed.