Affirmed and Memorandum Opinion filed August 12, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00471-CV

___________________

 

Gary Lynn Beck, Individually and d/b/a GB
International, Appellant

 

V.

 

West Houston Airport Corporation,
Appellee



 



 

On
Appeal from the County Civil Court at Law No. 4

Harris County,
Texas



Trial Court Cause No. 857364

 



 

 

MEMORANDUM OPINION

            In
this appeal, the owner of an airport hangar challenges a judgment against him
for breach of an easement agreement.  In its cross-appeal, the owner of the
private roads encumbered by the easement challenges both the finding that it
waived enforcement of a deed restriction and the award of attorney’s fees to
the hangar owner.  We conclude that the hangar owner failed to preserve the
complaint he presents on appeal; that the evidence is legally and factually
sufficient to support the jury’s finding that enforcement of the deed
restriction was waived; and that the trial court did not abuse its discretion
in awarding the hangar owner a portion of the attorney’s fees he requested
under the Uniform Declaratory Judgments Act.  We therefore affirm the trial
court’s judgment.  

I.  Factual and Procedural
Background

            Appellant
Gary Lynn Beck purchased an aircraft hanger located at West Houston Airport from
a seller who used the hangar as a workshop for building “muscle cars.”  The
hangar was accessible only over roads owned by West Houston Airport Corporation
(“WHAC”).  Beck was permitted to use the roads pursuant to an easement
agreement.  Under the terms of the agreement, Beck was required to pay certain
fees for taxes and maintenance of the easement property, and WHAC was granted discretion
to increase the fees by ten percent each year.  The hangar facility was burdened
by an aviation-use deed restriction, requiring the owner to use the hangar for
aircraft storage.

            After the
purchase, Beck began using the hangar as a factory.  He refused to pay the
assessed fees because he considered them excessive.  WHAC sued Beck for the
unpaid fees; it also asked for a declaration that Beck’s deed was void because
he failed to comply with the aviation-use deed restriction.  WHAC moved for
partial traditional summary judgment as to Beck’s liability for breach of the
easement agreement.  The motion was supported by a transcript of Beck’s
deposition in which he admitted that he owed an unspecified portion of the
fees, but declined to pay anything because, as he stated, the total fees billed
were “far in excess of what I’m willing to pay . . . [w]ithout a judge ordering
me to pay whatever he says I owe.”  More than six months after WHAC moved for
partial summary judgment, Beck paid a portion of the outstanding fees and
interest, then responded to the motion by asserting that he had paid the fees
to the extent that they were reasonable.  He additionally argued that WHAC had
“failed to establish a reasonable relationship between the claimed fees and actual
maintenance expenses.”  The trial court granted the motion as to liability
without ruling on damages.

            Shortly
before trial, WHAC abandoned its request for declaratory judgment that Beck’s
deed is void.  With the exception of the question of each party’s attorney’s
fees, the remaining issues were tried to a jury, and both parties affirmatively
stated that there were no objections to the jury charge.  As relevant to this
appeal, the jury found that Beck failed to comply with the aviation-use deed
restriction, but that such failure was excused because WHAC waived compliance. 


            The parties prepared
a judgment containing a recitation of the jury’s findings and the partial
summary judgment.  They submitted the proposed judgment to the trial court,
leaving blanks for the trial court’s findings regarding attorney’s fees, but filled
in the amount of maintenance fees owed under the easement agreement.  After a
hearing on attorney’s fees, the trial court signed the judgment awarding WHAC
$6,975.65 for fees due under the easement agreement, attorney’s fees for
prosecuting the claim through trial, pre- and post-judgment interest, and
contingent attorney’s fees in the event that Beck brought unsuccessful
appeals.  The trial court also awarded Beck $1,500.00 for the attorney’s fees
it incurred in defending against WHAC’s declaratory-judgment claim.  Beck’s motion
for new trial was overruled by operation of law, and this appeal ensued.

II.  Issues Presented

            In a single
issue, Beck contends the trial court erred in granting partial summary judgment
in WHAC’s favor as to its breach-of-contract claim regarding Beck’s failure to
pay the assessed maintenance fees.  In its cross-appeal, WHAC argues that the
evidence is legally and factually insufficient to support the jury’s finding
that WHAC waived the aviation-use deed restriction.  In a second issue, WHAC
challenges the trial court’s award of attorney’s fees to Beck under the
Declaratory Judgments Act.

III.  Analysis

A.        Beck’s
Challenge to the Summary Judgment on Contract Liability

            Beck
contends that the trial court erred “when it granted summary judgment upholding
the Airport’s claim for unpaid easement fees,” and he asks that we reverse and
remand that portion of the judgment as well as the judgment for attorney’s fees
pertaining to the contract claim.  In a traditional motion for summary
judgment, the movant has the burden of showing that there is no genuine issue
of material fact and that it is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Am. Tobacco
Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997).  We review summary
judgments de novo.  Ferguson v. Bldg. Materials Corp. of Am., 295 S.W.3d
642, 644 (Tex. 2009) (per curiam).  To the extent that reasonable people could
do so, we take as true all summary-judgment evidence favorable to the nonmovant
and disregard unfavorable evidence, indulging every reasonable inference and
resolving any doubts in the nonmovant’s favor.  City of Keller v. Wilson,
168 S.W.3d 802, 821, 823, 827 (Tex. 2005).

            Beck represents
that he “has not sought to avoid paying maintenance fees for use of the
[airport easements],” but “challenges the additional fees charged to
him, over and above what most other property owners are charged.”  His brief therefore
is devoted exclusively to arguing that the fees WHAC assessed against Beck were
excessive.  

            But these
arguments miss the mark.  A trial court is authorized to grant summary judgment
on liability alone even if there is a genuine issue of material fact as to the
amount of damages.  Tex. R. Civ. P.
166a(a).  The trial court did so here, leaving the issue of damages and attorney’s
fees for future resolution.  The partial summary judgment concerned only
liability for breach of contract, and Beck does not argue that he did not
breach the easement agreement.  To the contrary, Beck admits that under the
terms of the agreement, he was required to pay maintenance fees, and it is
undisputed that until WHAC filed suit and moved for summary judgment, Beck
refused to pay, absent a court order, even that portion of the maintenance fees
that he admittedly owed.  His appellate arguments instead are directed to the
amount of damages awarded for the breach rather than liability.  

            Although he
argues on appeal that the maintenance fees WHAC charged were excessive, he did
not present such an issue for determination by the trial court or the jury.  He
therefore failed to preserve this argument for appeal.  See Tex. R. App. P. 33.1(a).  Having failed
to litigate this issue in the court below, he is not entitled to remand to
litigate it now.  We therefore overrule Beck’s sole issue on appeal and affirm
the portion of the trial court’s judgment requiring Beck to pay maintenance
fees, pre- and post-judgment interest, and attorney’s fees.

B.        WHAC’s
Challenge to the Jury’s Finding of Waiver

            WHAC
contends that the evidence is legally and factually insufficient to support the
jury’s finding that it waived compliance with the aviation-use deed
restriction.  To determine whether the evidence is legally sufficient to
support a finding, we review the entire record, crediting favorable evidence if
reasonable jurors could and disregarding contrary evidence unless reasonable
jurors could not.  See City of Keller, 168 S.W.3d at 827.  If the
evidence would enable reasonable and fair-minded people to differ in their
conclusions, then it is legally sufficient to support the finding.  See id. 
In reviewing the factual sufficiency of the evidence, we consider all the
evidence and set the finding aside only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust.  Cain
v. Bain, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam).  Whether reviewing
the evidence for legal or factual sufficiency, we assume that jurors decided
questions of credibility or conflicting evidence in favor of the finding if
they reasonably could do so.  See City of Keller, 168 S.W.3d at 819,
820.  We do not substitute our judgment for that of the trier-of-fact if the
evidence falls within this zone of reasonable disagreement.  Id. at
822.  

            Here, the
jury was instructed that Beck’s failure to comply with the aviation-use deed
restriction was excused if WHAC waived compliance.  In the charge, “waiver” was
defined as “the intentional surrender of a known right or intentional conduct
inconsistent with claiming the right.”  WHAC first challenges the jury’s waiver
finding on the ground that the easement agreement contained a non-waiver
clause.  But a non-waiver clause can be waived; thus, its presence or absence
is not dispositive.  See, e.g., Enserch Corp. v. Rebich, 925
S.W.2d 75, 82 (Tex. App.—Tyler 1996, writ dism’d); Straus v. Kirby Court
Corp., 909 S.W.2d 105, 108 (Tex. App.—Houston [14th Dist.] 1995, writ
denied); Zwick v. Lodewijk Corp., 847 S.W.2d 316, 318 (Tex.
App.—Texarkana 1993, writ denied).  Not only did WHAC fail to enforce the deed
restriction against the hangar’s prior owner, but it advertised the hangars for
commercial and residential use and continued to do so through the date of
trial.  We conclude that the evidence was legally and factually sufficient for
a reasonable jury to find that WHAC’s intentional conduct was inconsistent with
its exercise of the right to enforce an aviation-use restriction.  

            WHAC does
not dispute that the evidence is legally and factually sufficient to support
the jury’s findings when measured against the questions and instructions the
jury actually received.  Instead, WHAC asks this court to measure the
sufficiency of the waiver evidence by a standard different from that used at
trial.  Specifically, WHAC now argues for the first time that deed restrictions
are not waived unless “pervasive violations of the deed restrictions destroyed
the fundamental nature of the neighborhood.”  But WHAC did not request such a
finding or instruction in the trial court; to the contrary, it affirmatively
stated that it had no objection to the more liberal definition of “waiver”
submitted to the jury.[1] 
Because “[i]t is the court’s charge, not some other unidentified law, that
measures the sufficiency of the evidence when the opposing party fails to
object to the charge,” Osterberg v. Peca, 12 S.W.3d 31, 55 (Tex. 2000),
we overrule WHAC’s first issue.  See Tanglewood Homes Ass’n, Inc. v. Henke,
728 S.W.2d 39, 45–46 (Tex. App.—Houston [1st Dist.] 1987, writ ref’d n.r.e.)
(evaluating the evidence of waiver based on the instructions given in the
charge).  

C.        WHAC’s
Challenge to the Attorney’s Fees Award

            WHAC next contends
that the trial court erred in awarding Beck attorney’s fees pursuant to the
Declaratory Judgments Act “because no declaratory judgment claim was ever adjudicated.” 
A trial court awards attorney’s fees under the Declaratory Judgments Act based
on the equities of the situation, and we review such an award for a clear abuse
of discretion.  Lesikar v. Moon, 237 S.W.3d 361, 375 (Tex. App.—Houston
[14th Dist.] 2007, pet. denied).  Here, the parties stipulated that Beck
incurred reasonable attorney’s fees of $6,000.00 preparing to defend against
WHAC’s claim for a declaration that his deed was void.  WHAC further agreed
that it did not drop the claim “until we had the docket call for the trial” and
stated that the declaratory-judgment claim “was in the broadest sense part of
the overall scheme of the case.”  Consequently, the bulk of Beck’s trial
exhibits pertained to this claim and the trial court awarded only $1,500.00—one-quarter
of the fees that WHAC stipulated were reasonable—for Beck’s work in defending
against the claim.  

            WHAC cites Hardt
v. Reliance Standard Life Insurance Co., 130 S. Ct. 2149 (2010), in support
of its position that Beck is not entitled to attorney’s fees.  In that case
interpreting an award of attorney’s fees under § 1132(g)(1) of ERISA, the
Court held that

a fees claimant must show “some degree of success on the
merits” before a court may award attorney’s fees under § 1132(g)(1).  A claimant
does not satisfy that requirement by achieving “trivial success on the merits”
or a “purely procedural victor[y],” but does satisfy it if the court can fairly
call the outcome of the litigation some success on the merits without
conducting a “lengthy inquir[y] into the question whether a particular party’s
success was ‘substantial’ or occurred on a ‘central issue.’”

Id. at 2158 (citations
omitted).  

            Analogizing
the declaratory-judgments statute under which Beck sought attorney’s fees to
the ERISA statute at issue in Hardt,[2]
WHAC urges us to vacate the award of attorney’s fees on the ground that Beck
cannot show “some degree of success on the merits” because WHAC abandoned the
claim when the case was called for trial.  We decline to do so.

            A plaintiff’s
nonsuit of a claim for declaratory judgment does not affect a defendant’s
pending claim for attorney’s fees under the statute.  Tex. R. Civ. P. 162; Town of Flower Mound v. Upper Trinity
Reg’l. Water Dist., 178 S.W.3d 841, 844 (Tex. App.—Fort Worth 2005, no
pet.).  A trial court does not abuse its discretion in awarding attorney’s
fees incurred in defending against a claim for declaratory judgment that the
plaintiff chooses to dismiss before trial.  Noe v. McLendon, No.
2-06-062-CV, 2007 WL 2067844, at *3 (Tex. App.—Fort Worth July 19, 2007, no
pet.) (mem. op.).  In light of this precedent, we hold that Beck is able
to show “some degree of success on the merits” in that he has not had a
judgment entered against him declaring his deed void.

            Under these
circumstances, we are unable to conclude that the trial court abused its
discretion by awarding Beck a fraction of the attorney’s fees that WHAC caused
him to incur.  We therefore overrule WHAC’s second cross-issue and affirm the
trial court’s judgment.

IV.  Conclusion

            Both parties
seek reversal of the judgment on their substantive claims based on arguments
that were waived in the trial court.  In addition, WHAC contends but has failed
to show that the trial court abused its discretion in awarding Beck part of the
attorney’s fees he incurred as a result of WHAC’s request for declaratory
judgment.  We therefore overrule each of the issues presented affirm the trial
court’s judgment.

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Brown and Sullivan.

 









[1] WHAC contends that it had
no duty to object because the definition of waiver submitted to the jury was
substantially correct, but the majority of the cases it cites in support of
this position do not involve a jury charge at all.  See, e.g., Jim
Rutherford Invs., Inc. v. Terramar Beach Cmty. Ass’n, 25 S.W.3d 845 (Tex.
App.—Houston [14th Dist.] 2000, pet. denied) (summary judgment); Finkelstein
v. Southampton Civic Club, 675 S.W.2d 271 (Tex. App.—Houston [1st Dist.]
1984, writ ref’d n.r.e.) (summary judgment); Stephenson v. Perlitz, 537
S.W.2d 287 (Tex. Civ. App.—Beaumont 1976, writ ref’d n.r.e.) (bench trial); Gonzalez
v. City of Houston, No. 01-00-01195-CV, 2002 WL 221586 (Tex. App.—Houston
[1st Dist.] Feb. 14, 2002, no pet.) (not designated for publication) (summary
judgment).  WHAC also cites Simon v. Henrichson,
in which the appellants complained of the trial court’s submission of a waiver
issue to the jury and court’s definition of waiver as the “intentional
relinquishment of a known right or such conduct as warrants an inference of the
relinquishment of such right.”  394 S.W.2d 249, 257 (Tex. Civ. App.—Corpus
Christi 1965, writ ref’d n.r.e.).  The Simon court did not state whether
the appellants objected to this definition at trial or submitted an alternative
definition, and the basis of their challenge on appeal is not clear.  Although
the appellate court held that the definition submitted by the trial court “is
substantially correct and presents no harm,” id., a harm analysis was
needed only if the charge was defective.





[2] Compare 29
U.S.C.A. § 1132(g)(1) (West 2009) (“the court in its discretion may allow
a reasonable attorney’s fee and costs of the action to either party” in a suit
for relief under ERISA) with Tex.
Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 2008) (“In any
proceeding under [the Declaratory Judgments Act], the court may award costs and
reasonable and necessary attorney’s fees as are equitable and just.”).